Davis v. Shuler.

ERR DAVIS, APPELLANT, VS. DAVID R. SHULER, APPELLEE.

1. Where a plaintiff in ejectment claims title by virtue of a sale and deed under execution issued upon a judgment recovered by the plaintiff against a "sheriff as *ex officio* administrator" of a deceased debtor, and the defendant in ejectment is a stranger to the judgment, it is incumbent upon the plaintiff to prove upon the trial, in addition to the execution and deed, the judgment and the fact that the sheriff was duly authorized to act as such administrator at the time the suit was brought against him.

2. A sheriff is not, by virtue of his office, the administrator of a deceased person, and can do no act to bind the estate as administrator until empowered so to act by the probate court; and a judgment entered against a "sheriff as administrator *ex officio*," who is not empowered so to act by the order of the probate court, cannot bind the estate. See Thomp. Dig., 198-9; Chap. 157, Laws 1848, Sec. 3.

3. The proper evidence that one is an administrator is the letters of administration, or a certified copy, or a certified copy of the order directing the sheriff to act as such.

4. It cannot be alleged for error that the court struck out or refused to strike out a plea alleging only facts which may be given in evidence under the general issue.

Appeal from the Circuit Court of the Second Judicial Circuit for Jefferson county.

A statement of the case is contained in the opinion of the court.

*S. Pasco* for Appellant.

The general rule as to the purchaser at sheriff's sale is, that he must show his deed and the execution and return, and prove title in the defendant. Some authorities go further and require, at least under certain circumstances, that the judgment upon which the execution was issued must also be exhibited. 12 J. R., 213. In the present case, the judgment, execution and return and deed were all introduced, and must all be presumed to be regular, for no ob-

jections were offered, (except to the character of the defendant in execution.) The pleadings admitted that the decedent, Branch, died seized and possessed of the lands, and it is urged that if the said S. B. Baldwin was not administrator, that the burden of the proof was upon the defendant to show it. Steph. on Plead., 84 ; Greenl. on Ev., sec. 74. It is the subject-matter of one of his special defences. A judgment of a court of competent jurisdiction is introduced against him in that capacity, and the presumption must be that it is correct. 2 Fla., 207, 283, 268. But the appellant, when so required by the court, and after he believed that his case was made out, offered proof that the said Baldwin, at the very time of the rendition of the judgment against him, was recognized by the county court in the county where the lands were situated as administrator of the said estate. This ought to have been sufficient, for the county court had entire control of the subject-matter of the administration, and its order in the matter was in the nature of a decree in rem, final and conclusive, binding upon the whole world, subject to no examination, except on appeal, not to be attacked collaterally. Rule of Ct., 22, (under the Code;) Big. on Est., Intro., xlviii ; 1 Story, 547 ; 24 Vt., 42 ; 15 La. Ann., 27 ; Big. on Est., 136, cases there cited, 159, 160, 175.

Will the court go into an examination of the question as to whether the said S. B. Baldwin was properly sued as sheriff and ex officio administrator of Caswell W. Branch by Err Davis ? This is the point that the court below and the appellee's counsel were aiming at, and as the question has been raised it would be well to settle it. The plaintiff admitted that he had no other proof to offer that S. B. Baldwin was administrator. The defendant claimed that letters of administration or an order of the judge of the county court must issue to constitute the sheriff an administrator. We claim that he needs no such authority, and that he may be sued at any time after the expiration of six months from the

time of a decedent's death as the administrator. The following reasons are submitted in support of this view :

1. The uniform practice of courts of probate has been to recognize the sheriff as administrator when thus acting, and the practice of the bar has been thus to bring the sheriff to an accountability as administrator.

2. The law makes the sheriff an administrator *ex officio*. Thomp. Dig., 198, sec. 3. He takes no new oath ; no new bond is required of him, and the notice required by the subsequent statute (act approved Jan. 7, 1848, chap. 157, sec. 3,) gave the sheriff no new authority. It was intended for his protection ; to reduce his liability. See 8 Cranch, 9. The law making the sheriff *ex officio* tax collector is very different in its requirements. Thomp. Dig., 93.

3. The matter rests entirely upon the statutory law of the State, and that law makes it the duty of the sheriff to administer on the estate of every decedent, who has died having property upon whose estate no person has been appointed administrator for the space of six months, and the supposition must be that the officer has done his duty. If not, he must enter upon it instanter.

In conclusion, it is manifest to the appellee that the appellant's case was made out, provided that Baldwin was properly sued as administrator. The appellant has attempted to prove that the Circuit Court could not in this action examine into the administration ; that it was concluded by the judgment in Davis vs. Baldwin as sheriff and *ex officio* administrator, and further by the recognition of the county court ; but that the Circuit Court, if it had jurisdiction to hear and determine the authority of Baldwin as administrator, should have settled the question in the affirmative. The defence set up by the defendant is technical. He sets up no title ; he claims to have paid no money for the land ; he has no estate by inheritance ; he has been many years in possession ; does not pretend that he pays rent to any one the property has largely diminished in value since he fas

tened himself upon it, and the record must satisfy an unprejudiced person that he is a mere interloper. The plaintiff is trying to collect a debt that is not impugned. It has been many years due. He has established it before the courts, and is surely now entitled to the legitimate fruits of his judgment. Under the law, he is a *bona fide* purchaser for valuable consideration, and as such is entitled to the favorable consideration of the court. And we claim, under the last error assigned, that the judgment should have been in his favor.

*Scott & Clarke* for Appellee.

Did the court err in requiring plaintiff to prove that Baldwin was administrator at the time the judgment was obtained against him?

If Baldwin was not administrator when the judgment was rendered, the judgment is void. The court had no jurisdiction of the person of the administrator of Branch. A void judgment may be attacked, even collaterally, in any proceeding. See 1 Fla., 207, 267 ; 9 Ga., 247, 440, 130. Especially may such a judgment be attacked when, as in this case, the party obtaining it is seeking to enforce it against a third party, or invoking its aid in support of his title in an action of ejectment. If the judgment was void, no title passed, even though appellant had been an innocent purchaser, and with greater force must it apply to the appellant, who was the party plaintiff to the judgment under which the property was sold and who purchased under his own judgment. And besides, the bill of exceptions does not show that the appellant excepted to the ruling of the court contained in the first error assigned.

The court did not err in ruling out the certificate offered. It was incumbent on plaintiff to show that Baldwin was administrator when the judgment was rendered. The best evidence of this is the order of the county court appointing him administrator or ordering him to take charge of the es-

tate. Unless such order was made, he was never *ex officio* administrator. See Bush's Dig., 52-3, secs. .12, 13, 14. In the absence of such order, he had no warrant or authority to act as administrator, and could not be treated as administrator *ex officio*. In the absence of such order, the county court had neither jurisdiction nor authority to grant a discharge. The certificate of pretended discharge offered in evidence does not show or pretend to show that such order was ever made, or that Baldwin was ever authorized to act as administrator. It simply recites that it appeared (not from the record of that court, however,) that he had been " acting as administrator, and that such administration was ancillary." How acting? Not by virtue of an appointment of that court, nor by virtue of his office of sheriff, for that is nowhere recited in the certificate. If it proves anything, it is that Baldwin is not the administrator of said estate, and that if he ever interfered with said estate or acted in any capacity, such interference was in his own wrong and he should have been charged as executor *de son tort,* and his representative character proven by his acts. This certificate is introduced to prove something outside of the records of the county court, for which the certificate of a justice of the peace would have been as good evidence. Besides, from its uncertain character, indefiniteness, and not to say untruthfulness, it was calculated to mislead the jury and was rightly ruled out by the court.

On the third error assigned—that the verdict of the jury should have been for the plaintiff—we have only to say that they had no evidence before them. The record of the judgment, report of sale, deed and other evidence offered by plaintiff were permitted to be read only on condition that plaintiff would afterward show that Baldwin was the administrator of Branch when the judgment was rendered. Failing in this, the whole evidence was ruled out, with the certificate afterwards offered.

On the error assigned, that the court erred in overruling

the motion to strike out defendant's answer on the ground of irrelevancy. As to irrelevant pleadings, we cite 2 Van Santvoord's Pl., 318-19, 721-2. A pleading is irrelevant which has no substantial relation to the controversy between the parties to the suit; "one which is good in form and true in fact, but which has no relation to the cause." Ib., 594, and especially Ib., 600-3. A purchaser at a judicial sale acquires only the title of defendant in execution at the time judgment was rendered. The officer sells only the interest of defendant in execution, and the rule *caveat emptor* applies in all its strictness. Rorer on Jud. Sales, 28, 29. There can be no valid sale under an execution issued on a void judgment, or where judgment is reversed for want of jurisdiction. Ib., 30, 31. The plaintiff in execution is a party and not a *bona fide* purchaser, and a reversal of the judgment under which the sale was made restores the parties to their original positions. Ib., 62. If the judgment is void for any cause, the sale is void. Ib., 249-50. A judgment *in personam*, without jurisdiction of the person, is void, and execution thereon is void. Ib., 257-8. If for any cause the proceedings, sale or deed are void, they may be attacked collaterally. Ib., 170.

RANDALL, C. J., delivered the opinion of the court.

This was an action of ejectment, commenced in Jefferson county by the appellant claiming title by virtue of a judgment and execution and a deed executed upon a sale thereunder.

The plaintiff, instead of merely asserting his title and right of possession, has seen fit to state the evidence of his rights, and says that in February, 1872, he recovered judgment in the same court against Sturgis B. Baldwin as sheriff and, by virtue of his office, administrator of Caswell W. Branch, late of Georgia, deceased ; that an execution was issued to a constable, and after fully complying with the law relating to sales, &c., " the following described lands,

to-wit : Lot No. 139, according to the Georgia survey, containing eighty-one acres, *or so much of said lot as belonged to the said Caswell W. Branch* at the time of his decease, were knocked off and sold to plaintiff and a deed of conveyance was executed to him by said constable ;" that he has demanded the said lands by virtue of his right and title derived from said conveyance from defendant, who has refused to surrender and still withholds the same from him. An amendment to the complaint gives the boundaries of the said lands.

The defendant answered, first, denying that he unlawfully withheld the premises ; 2d, that in 1863, Caswell W. Branch, who then owned the premises, died intestate, leaving a widow and a son ; in 1865, defendant married the widow ; the son died in 1863, and the widow of Branch, defendant's wife, died in 1871 intestate ; that at the time C. W. Branch died, the premises were in Thomas county, in the State of Georgia, and he had personal property in said county ; that the estate was administered in Thomas county by one Smith, administrator, and under the order of the court of ordinary there, the said administrator sold the property to the defendant, who, prior to the sale, was in possession of the premises as tenant of the administrator, and since the sale in his own right as purchaser ; and 3d, defendant answers that Sturgis B. Baldwin is not and never has been the legal administrator of Branch, and the judgment and sale mentioned in the complaint are null and void.

The plaintiff moved to strike out the second and third paragraphs of the answer, which motion was overruled and plaintiff excepted, and this ruling is the first ground of error assigned.

It is unnecessary to discuss this matter at much length. The first answer puts in issue the plaintiff's right of possession. The second alleges that the property was in the State of Georgia, where it was the subject of administration and was sold under the order of a Georgia court. If this be true,

we do not understand how it can be the subject of an action of ejectment in Florida, and as the plaintiff must show that the property is in this State, the proofs to that end being subject to contradiction on the part of the defence, it was unnecessary to plead it specially, everything relating to the location contained in this plea being proper matter of proof in this action without being pleaded. But we do not see how the ruling of the court one way or the other could affect the case materially.

As to the third paragraph of the answer it is certainly responsive to facts alleged in the complaint, and as to such facts, it is a complete denial and defence, if true, for a judgment against one as administrator who was not an administrator does not bind the estate, and an execution issued upon such judgment cannot legally be levied upon such estate. See Griffith vs. Fraser, 8 Cranch, 9.

The second error alleged is, that the court required the plaintiff to prove that S. B. Baldwin was administrator of Caswell W. Branch.

The complaint alleges that the plaintiff recovered a judgment against Baldwin as Sheriff and *ex officio* administrator of Branch. The plaintiff by his allegations has thus confined himself to a particular mode of proving his title, to wit: that he recovered a judgment against the sheriff as *ex officio* administrator of the estate of Branch, and this is denied by the defendant.

No person can be divested of his estate against his consent but by due process of law, and every one whose possession is attacked may demand that every step necessary to deprive him of it has been substantially pursued according to law.

The appellant insists that the sheriff by virtue of certain acts of the legislature (Th. Dig. 198, 199,) is *ex officio* administrator in certain cases. First, " when any person shall die leaving property in this State, and for the space of six months thereafter no person shall be appointed administrator on the estate of such deceased person, it shall be the duty of the

sheriff of the county *ex officio* to take charge of such estate, and to administer on, and settle said estate in the same manner as directed for other administrators." And second, in case an administrator shall die or his letters be revoked and no other person be appointed according to law, " it shall be the duty of the sheriff *ex officio* to proceed to administer on and settle such estate under order of the Judge of Probate." Section 3 of chapter 157, approved January 7, 1848, provides that " no sheriff shall be held responsible as administrator *ex officio* of any estate, till he shall have been ordered by the Judge of Probate of his county to take charge of the assets of the person deceased."

Although these statutes authorize and make it the " duty" of the sheriff, in certain cases, to administer upon the estates of deceased persons by virtue of his office, he is not necessarily by virtue of his office an administrator. Certain other facts must exist before he can be required to act, and he can act even when those other facts exist only when ordered to do so by the Probate Judge, " in the same manner as *other administrators*," and when so ordered and empowered he becomes the administrator of the estate. Until so ordered, he cannot be held responsible *as* an administrator, for he has no power over the estate and can do no act which will bind the estate. He is not an administrator, therefore, merely by virtue of being sheriff.

The complaint states that a judgment was rendered against Baldwin " as sheriff and by virtue of his office administrator," &c. Now if the sheriff cannot administer merely " by virtue of his office," this allegation does not properly charge that he was an administrator so as to bind the estate of the deceased, for it does not follow that the sheriff is possessed of the assets of the estate merely because he is the sheriff.— It seems clear that he is entirely without authority to perform any act to bind the estate, unless he acts under the express authority of the court, " in the same manner as directed for other administrators ;" and when he is so directed,

his acts are those of an administrator and not those of a sheriff.

The real estate in the hands of an executor or administrator is *equally* liable with personal property to an execution issued upon any judgment against such executor or administrator. Th. Dig., 203.

A judgment against an administrator does not bind the real estate of a deceased person, but is only evidence of the indebtedness of the administrator as such, and an execution can only seize the lands as assets in his hands.

We have already seen that a judgment against one *as* an administrator who was not an administrator, does not bind the estate, and an execution upon such judgment cannot legally be levied upon the estate. Griffith vs. Fraser, cited *ante.* And as the plaintiff must show affirmatively everything necessary to bind the estate, it rests upon him to show that his judgment is one which binds the lands in question. The judgment may be conclusive as against the person sued to charge him, but as against others who were not parties and had no opportunity to defend, it is not evidence of a collateral fact, particularly of the official character of the representative, and therefore does not prove *per se* that the estate is bound.

If this conveyance had been made by one signing himself as administrator, it could not be said that it would bind the estate, unless the official character of the grantor is otherwise shown.

Here, the grantor is the officer who sells and makes the deed. He is empowered by law to sell and convey under an execution as fully as the defendant or his attorney might do. He acts in fact as the attorney of the defendant, appointed by law for that purpose. Cooper's lessee vs. Galbraith, 3 Wash. C. C. R., 546.

To establish a title under an execution sale there must be shown, as against a stranger to the proceedings, a valid judgment and execution binding the estate of the defendant in

the judgment, and that the defendant had some title or interest in the property sold. Real estate being by the statute assets in the hands of the administrator for the payment of debts, cannot be seized upon an execution against one who is not in law and in fact an administrator, so that to show affirmatively that the judgment binds the property in question, necessarily requires that the proof of the official character of the defendant in the judgment and execution shall be given in the first instance.

(We do not understand that the court in the case of Hartley vs. Ferrell, 9 Fla., 374, decides that the title of the plaintiff in ejectment is shown by proof of the execution and the deed, without also showing the judgment, when the defendant in ejectment is a stranger to the judgment and was not in possession at the time of the sale. The head note to the case referred to applies appropriately to the circumstances of the case there decided.)

The ruling of the court, therefore, in requiring the plaintiff to show that Baldwin was duly authorized to act as administrator, was correct.

The third error assigned is, that the court excluded the evidence that Baldwin was recognized as administrator of Branch by the County Court of Jefferson county.

The evidence so offered was a certified copy of an order of the county Judge to the effect that "it appearing to the court that the said Sturgis B. Baldwin has been acting as administrator of said estate since the 24th day of January, 1872, that such administration is ancillary, the principal administration being in the State of Georgia; that the estate of the said Caswell W. Branch in this county and State is entirely exhausted and that he, the said Sturgis B. Baldwin, has fully discharged his duties as administrator in relation thereto; it is thereupon ordered and adjudged that the said administrator *ex officio* be, and he is hereby discharged as administrator of the estate aforesaid. Done and ordered in open court this 4th day of December, 1873."

The judge rejected this paper as evidence that Baldwin had been the administrator at the time the suit was instituted to recover the indebtedness of the deceased.   The proper evidence of the fact sought to be proved is the letters of administration, or a copy of them, or of the order directing Baldwin as sheriff to take charge of and administer the es. tate, with proof that Baldwin was the sheriff.   The paper offered did not show that he had ever been recognized as administrator until the date of the order discharging him. He may have been "acting" without authority and wrongfully, but under the statute he could not bind the estate unless he acted under the order of the court.   The order itself does not show that he had ever appeared before the County Judge for any purpose, not even to obtain his discharge. With the records of the County Court at hand, it was not difficult to produce the order of the court authorizing him to take charge of the estate, if such order had been made. There was no error in rejecting the offered proof.

While I have thus considered the questions presented upon the argument, it is due to the parties as well as to ourselves to make one or two suggestions.   First.  The plaintiff in the complaint has scarcely succeeded in alleging any title whatever to the lands, either in himself or in Branch, deceased, and but for the admission of Branch's title in the answer, I should have declined to consider the questions raised upon the exceptions.   Second.  The plaintiff in attempting to prove the judgment, introduced merely the clerk's memorandum of the default and the *ides consideratum*.   This is not a "record of judgment."   There was nothing to show the commencement of the suit, the service of process, the complaint or the character of the action.   The judgment appeared to be entered by the clerk upon default in vacation, but whether this was valid or void we could not judge, and I had some difficulty in persuading myself to consider anything beyond this, for really no judgment was proven.   The defendant and the judge, however, do not seem to have

questioned its sufficiency, yet we were called upon to determine as to its validity while the record fails to disclose its very existence. And while the parties have not interposed the appropriate objection to this kind of proceeding, I feel justified in offering this protest.

The judgment of the Circuit Court is affirmed.