WILSON'S ADMINISTRATOR, ET AL., APPELLANTS, VS. CALVIN B. DIBBLE, APPELLEE.

1. A sheriff does not become an administrator *ex-officio* of an intestate estate until empowered by the probate court to act as such, and until that event he can do not act, or consent to nothing, to bind the estate.

2. A service of subpœna upon a sheriff, as *ex-officio* administrator, before he has been ordered by the Judge of Probate to take charge of the estate of a deceased mortgagor, does not authorize a decree *pro confesso*.

3. Where there is a total absence of parties against whom a decree can be made, a plea in abatement should be sustained.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion of the court.

*E. C. F. Sanchez* and *B. H. Thrasher* for Appellants.

*J. H. Goss* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This is a bill to foreclose a mortgage executed by Lemuel Wilson to Calvin B. Dibble. The bill was filed in Alachua Circuit Court February 17, 1875, against " Louis A. Barnes, sheriff, *ex-officio* administrator of the estate of Lemuel Wilson, deceased." There is no allegation in the bill that Lemuel Wilson is dead, or that Louis A. Barnes was his administrator, except as thus recited in the entitling of the bill in the foregoing words.

April 2, 1877, a decree *pro confesso* was entered by com-

plainant. December 22, 1877, an order was made substituting Samuel C. Tucker, sheriff, as administrator *ex-officio* of Wilson, deceased, in place of Barnes, discharged. December 28, 1877, a final decree was entered, directing a sale of the mortgaged premises, and, subsequently, B. F. Dawkins was appointed a special master to sell. At this stage of the cause, Samuel C. Tucker, as *ex-officio* administrator of the estate of Lemuel Wilson, deceased, together with Raphela S. Wilson, Mary E. Shuford, James L. Shuford, A. J. DaCosta, Amanda DaCosta and William A. Wilson, (infant, by his next friend,) filed their bill in equity against Calvin B. Dibble and B. F. Dawkins, special master, wherein they pray an injunction against Dibble and Dawkins, restraining them from selling the lands under said decree on account of sundry alleged fraudulent transactions of the said Dibble, calculated to injure said complainants, who, except said Tucker, are heirs-at-law or legatees of said Lemuel Wilson, alleging that said mortgage is fraudulent; and further alleging that in the suit of Calvin B. Dibble to foreclose his mortgage, Louis A. Barnes was not an administrator *ex-officio* of the estate of Lemuel Wilson, deceased; that no subpœna was ever served on Barnes as such administrator; that all the proceedings in that case were altogether irregular, insufficient and void.

The matters alleged in the said bill came on to be heard before the Circuit Judge February 6, 1878, who considered, among other things, that the proof of service of subpœna in the suit of Dibble against Barnes, as administrator, was "not satisfactory," and ordered that the decree *pro confesso* and the final decree therein be declared null and void and set aside, and that the proceedings on the bill of foreclosure be stayed until the further order of the court; and ordered further, that all the complainants be required to plead, answer or demur to the bill of Calvin B. Dibble against Samuel C. Tucker, sheriff and *ex-officio* administrator of Lemuel

Wilson, deceased, (successor to Louis A. Barnes, removed,) by the first rule day in March next. Whereupon all of said complainants filed their plea in abatement in the foreclosure suit, praying judgment that said bill of Calvin B. Dibble be quashed, &c., because the said Barnes was not the administrator of the estate of Wilson, *ex-officio* or otherwise, at the time of filing said bill on the 17th February, 1875, and was not appointed, and did not become such administrator until the 24th day of April, 1875, nor was the said Samuel C. Tucker such administrator until long afterward.

The affidavit of L. A. Barnes, dated December 28, 1877, states that he remembers that a subpœna in chancery was presented to him in the cause and that he acknowledged due service thereon, but the time of such service is not stated.

Another affidavit of L. A. Barnes, dated February 1, 1878, states that he thinks he was served with a subpœna in the foreclosure case but is not certain of it, and that he gave no notice of the service on him to the widow or any of the heirs of Lemuel Wilson, or that such a suit was pending against the estate.

The court ordered that the plea in abatement be overruled and set aside, and the said Tucker, *ex-officio* administrator, and the other parties who had filed their plea under the order of the court as stated, appealed from the order overruling their plea.

This court, in the case of Davis vs. Shuler, (14 Fla., 438,) held that under the statutes of this State (Th. Dig., 198–9, and Section 3, Chap. 157, approved January 7, 1848,) a sheriff was not an administrator *ex-officio* until ordered and empowered by the proper court to act as such, that he could perform no act, and was under no responsibility as administrator until he was so empowered, and a judgment recovered against a sheriff as administrator *ex-officio* obtained by service of process upon the sheriff before he was so appointed, was void. The sheriff, by admitting service, or submitting

to service of process, cannot bind the estate, because, in law and fact, he is not an administrator until duly authorized as provided by law.

In the present case, Barnes, sheriff, at the time of filing this bill of foreclosure, was not the administrator of the estate of Wilson. He was some months afterward, as appears by the plea and by the order of the probate court found in the record, duly commissioned to act as such administrator.

The bill of foreclosure named no other persons as defendants. There was no proof of service upon Barnes, except his affidavit under date of December 28, 1877, stating that he remembered that a subpœna had been presented to him in the case, but *when* this was done is not apparent, whether before or after the letters of administration were granted to him. It is evident, then, that when the bill was filed in this cause Barnes was not the legal representative of Lemuel Wilson, deceased; that there is no evidence in the record that there was any proper service of a subpœna at any time; that there is not in the complaint any allegation or averment that Barnes or any other person was the administrator, and the bill was filed without a real party defendant. Neither since the appointment of an administrator has there been any service of a subpæna, nor does the bill allege that an administrator has been appointed upon whom process may be served. The parties who filed this plea in abatement have only obeyed the order of the court, and they have pleaded properly that there is a total defect of parties defendant, so that the suit had no vitality, and the plea should have been sustained. Story's Eq. Pl., §§75–6 *a*.

As to who should be parties in suits for foreclosure of mortgages, we refer to Story's Equity Pleadings, Sections 72 to 76, 193 to 200, 5th edition.

A portion, if not all of the pleadings are proceedings in the suit of S. C. Tucker, administrator, and others, against Calvin B. Dibble and B. F. Dawkins, before referred to, are

incorporated in the record of this cause, and an appeal therein appears to have been taken from the order requiring the complainants to plead in this cause. The record now certified to us, however, is that of the foreclosure case only, and although the counsel considered in their argument the appeal referred to, we will not examine it until the record in that case is brought here. It relates to a suit standing as a bill of review or otherwise, independent of the case before the court. As to the order therein requiring the complainants to plead or answer the bill of foreclosure, it does not make them parties defendant in this suit, nor have they been made defendants therein by any proper process.

The order of the court overruling the plea in abatement is reversed.