Mb. Justice Westcott
delivered the opinion of -the court.
The respondent McKinnon brought his action of ejectment against the appellants in the Circuit Court for Jackson county.
To the declaration framed under the statute the defendant pleaded first not guilty; second, a previous judgment in a court of competent jurisdiction in an action of ejectment as to the same land. To the second plea plaintiff replied that subsequent to said judgment and prior to' the institution of this suit he had acquired new titles to said lands. There was issue as to these pleas, trial and verdict, and judgment for plaintiff. From this judgment defendants appeal.
The plaintiff claims title through two sources, a deed after sale of land for taxes, and a deed after sale under a judgment rendered by a justice of the peace.
As to the tax deed. Ruling the trial defendant proved by L. M. Gamble,-that he was collector of revenue for the year 1876, that he had the assessment book for that year and turned it over to his successor in .1877. “This book” was then offered to show that there was no warrant to it to the collector. Upon objection by plaintiff, the book was ruled out by the court, and to this action there was an exception. The record recites further in this connection, that-“defendants offered Frank Phillips, Clerk of the Circuit Court, of Jackson county, with the tax book deposited in his office for the year 1876, and offered to prove that there was no warrant to said book, signed by the assessor of the said county, empowering the collector to collect the taxes for that year, and if not paid, to sell in order to collect.” The book was excluded and there was an exception.
Under the statute then controlling the assessment and collection of revenue, chapter 1976, laws, it was the duty of the assessor to file with the, clerk the original assessment ..book, but the law did not require any warrant to be annexed to it or to. the copy sent to the Comptroller. The court, therefore, was right in excluding the original assessment book from the jury, when offered for the purpose of showing that.no warrant was attached to this copy. It was immaterial whether there was such a warrant annexed to it. When, however, the then (that is in 1876) tax collector of revenue, L. M. Gamble, was offered as a witness to prove that there was no warrant to the assessment roll of 1876, under which this tax sale was had, we cannot see that this evidence was properly rejected. The law required that to the assessment roll delivered to the collector of revenue, a warrant under the band of the assessor should be annexed, in the following form to-wit: giving the form, &c.
Without this warrant “delivered by the officer of the law, designated for that purpose, the collector has no authority to proceed to enforce the payment of taxes.” This' being omitted, the performance of all the other acts, such as due advertisement, will lay no foundation for the sale of the land. (5. Ired., 131; 7 New York, 517; 14 New Hamp., 84; Hilliard on Taxation, 396; Cooley on Taxation, 292; Blackwell on Taxation, 167.) The warrant in this proceeding fills the place and performs the functions of a summons. It is the writ to the officer by which he is authorized for public purposes to collect the tax, or in the event of its non-payment to subject the property to sale. For this reason we think that the court -erred in rejecting the proposed testimony of Gamble, the person who at the time of the sale was the collector of revenue, and who proposed to produce the assesment roll.
As to the justice’s judgment; the court ruled eorreotly, that there must be proof of the judgment in order to derive title from a sale thereunder; but what we have in the record is a simple transcript from the docket or book of entries of the magistrate of the entry of judgment. This is not sufficient. (5 Wendell, 293; 7 Cranch, 408.) A certificate of a justice’s judgment “to be competent evidence, must show on its face that the jus-, tice rendering the judgment had jurisdiction, as well of the person as of the subject matter of the suit. ” The statute of this State, section 13, chapter 2040, laws, provides that the justice’s “docket, or a certified copy thereof, shall be evidence of the matters therein stated,” and it is essential that in all cases where a judgment Is sought to be proved, that so much of the proceedings as show jurisdiction should *194 appear. As to the general subject, see 2 Phillips on Evidence, 4 Am. ed., by Cowen and Hill, note 406.
The next question here is as to the matter of title. Plaintiff claims that defendants are the tenants of Grantham, whose interest in the land he has acquired under the sales mentioned. If this be so he shows a good right to the possession as against the tenant upon the expiration of the time for which the tenant was to hold.
In some cases, although the claimant may not in fact have title to the land according to the general acceptation of the term, and in conformity to the general rule in ejectment, still the circumstances may be such as that between the parties the title is established. In this case, if the plaintiff has purchased the right of Grantham, and the relation between the defendants and Grantham was that of landlord and tenant when he purchased, then upon the termination •of defendant’s right to possession as tenant, the plaintiff may recover if he represents the.lessor’s right to possession, although in fact the strict legal title may be in the State of Florida. 4 John., 210; 7 Cowen, 637; 10 East, 355; Taylor on’Ejectment, 165, 206; 1 Blackf., 135; 1 Burr., 119; 3 Ball., 457; 1 Bibb, 129.
All the title which a landlord has to show is the contract of tenantcy, and the termination of the right of tenant to' possession. If the plaintiff here acquired the landlord’s right under the sales, he should recover upon like proof.
As a matter of course, there must be full proof of the tenancy and full identification of the-land which was the subject of the tenancy, as well as that it is the land described in the declaration. We deem it unnecessary, as there is to be a new trial, to make any commentary upon the evidence in these particulars.
The judgment is reversed and a new trial awarded.