J. J. McGehee v. W. C. Wilkins.—Statement of Case.

J. J. McGEHEE, APPELLANT, VS. W. C. WILKINS, APPELLEE.

| 31 | 83 |
|---|---|
| 36 | 636 |
| 31 | 83 |
| f41 | 257 |
| 31 | 83 |
| e44 | 239 |
| f44 | 240 |
| j44 | 241 |
| j44 | 243 |
| 31 | 83 |
| 53 | 337 |

1. Before a sheriff's deed is admissible in evidence for the purpose of proving title thereunder, a valid judgment and execution must be shown.
2. Where the defendant was not actually or by legal construction before the court rendering the judgment, it was *coram non judice*, and the judgment is void and may be assailed collaterally.
3. Where a judgment is rendered by a court of limited powers and jurisdiction it must affirmatively appear from the record that the court had jurisdiction of the person and the subject-matter.
4. Under Chapter 2040 of Laws (acts of 1875) an attachment issued from the court of a justice of the peace could not legally be levied upon real estate, and where so levied and the defendant was not personally served with summons and did not appear, the justice acquired no jurisdiction of the defendant.

Appeal from the Circuit Court for Lake county.

*J. B. Gaines* for Appellant.

*Alex. St. Clair Abrams* for Appellee.

#### STATEMENT.

This was an action of ejectment brought by appellant against appellee. The plea was not guilty. The plaintiff proved title, through mesne conveyances, under a patent from the United States, and that he went into possession the latter part of June, 1887, and erected improvements, and had not sold or leased the premises sued for. The defendant then offered in evidence a certified copy of a writ of *fieri facias* which was issued by the clerk of the Cir-

cuit Court of Lake county on a judgment by a justice of the peace, with the return thereon. Plaintiff objected to its introduction and the objection was overruled, and plaintiff excepted. Defendant then offered in evidence a certified copy of a transcript of a judgment rendered by the justice of the peace against J. J. McGehee. Plaintiff objected to its introduction and the objection was overruled, and he excepted. Defendant then offered in evidence a sheriff's deed to himself, conveying the lands in question, and which was based upon a levy and sale under the execution in evidence. The introduction of this deed was objected to on the ground that the deed was made upon a sale under *fieri facias* issued on a judgment rendered by a justice of the peace, which judgment had not been proven, and it had not been proven that the justice of the peace who rendered the judgment had jurisdiction either of the person of the defendant or the subject-matter of the suit. This objection was overruled and the deed admitted; the judge ruling that the plaintiff should introduce the record of the proceedings of the justice, if he claimed that they were invalid. To which ruling of the judge the plaintiff excepted. Defendant then offered in evidence a transcript of the docket entries in the justice's docket, certified to by the clerk of the Circuit Court, the docket having been filed in his office upon the expiration of the term of office of the justice. Plaintiff objected to its admission and the objection was overruled, and plaintiff excepted. De-

fendant closed, and plaintiff then introduced in evidence the original docket entries and papers in the suit before the justice, in which the judgment was rendered on which the execution issued that was levied on the land in controversy. It appears from the evidence, so introduced in rebuttal, that the suit before the justice was commenced by attachment; that the attachment was levied upon the lot in controversy, and that the defendants were not found, were never personally served, and never appeared. It appears from the transcript that after all this evidence was in, the judge again overruled the objection of the plaintiff to the admission of the sheriff's deed, and that in consequence of this, plaintiff took a non-suit with a bill of exceptions.

(Judge Young, of the Fourth Circuit, sat in the place of Mr. Justice Mabry, who was disqualified.)

YOUNG, Circuit Judge:

In all cases where a deed is executed under a power, it is necessary to prove the power before the deed is admissible in evidence. Where a sheriff sells and makes a deed under a *fieri facias*, he is acting under a power. "He acts in fact as the attorney of the defendant appointed by law for that purpose." Davis vs. Shuler, 14 Fla., 447. Before sheriff's deed is admissible in evidence, for the purpose of proving title thereunder, a valid judgment and execution must be shown. Donald vs. McKinnon, 17 Fla., 746; Kendrick

vs. Latham, 25 Fla., 819, 6 South. Rep., 871. Where a court has jurisdiction of the person and the subject-matter, it has a right to decide every question which occurs in the cause; and, whether its decision be correct or not, it is valid and binding till reversed. "The line which separates error in judgment from the usurpation of power, is very definite, and is precisely that which denotes the cases where a judgment is reversible only by an appellate court, or may be declared a nullity collaterally. In the one case it is a record importing absolute verity; in the other, mere waste paper." Voorhees vs. Bank of U. S., 10 Peters, 449; Elliott vs. Piersol, 1 Peters, 328; Thompson vs. Tolmie, 2 Peters, 157. "To authorize the assertion that a judgment is void, it must have emanated from a court of limited jurisdiction not acting within its legitimate prerogative, or a court of general jurisdiction where the parties are not, actually or by legal construction, before the court and subject to its jurisdiction." Ponder vs. Moseley, 2 Fla., 207. Conceding for the purposes of this case, and without deciding that where a judgment is rendered by a court of general jurisdiction, the presumption is, in the absence of proof to the contrary, that the court had jurisdiction. Where a judgment is rendered by a court of limited powers and jurisdiction, there is no such presumption; but it must affirmatively appear from the record that the court had jurisdiction of the person and the subject-matter. Hays vs. Mc-Nealy, 16 Fla., 409; Donald vs. McKinnon, 17 Fla.,

740; City of Jacksonville vs. L'Engle, 20 Fla., 344; Epping, Bellas & Co. vs. Robinson, 21 Fla., 36, and authorities there cited.

It is true, as contended by counsel for appellee, that it was only necessary for appellee, to show a judgment against appellant, execution thereon and sheriff's deed, but the judgment must be a valid judgment, and, where it emanates from a court of limited jurisdiction, it is not a valid judgment unless it affirmatively appears that the court had jurisdiction of the person and the subject-matter. These views are not in conflict with the authorities cited by counsel for appellee.

It follows from what has been said that the third assignment of error is well taken, and that "the court erred in overruling the plaintiff's objection to the admission of the sheriff's deed, without the justice's judgment and so much of the proceedings before the justice of the peace as would affirmatively show jurisdiction, being first proved." As the entire record of the proceedings in the justice's court were subsequently introduced in evidence by the defendant, this error was cured, if the said record showed that the justice had jurisdiction. It is well settled that the proceedings by attachment are statutory and must be strictly pursued. Roberts vs. Landecker, 9 Cal., 262, and authorities there cited. The act of 1875 (Chapter 2040 of Laws) is entitled "an act relating to proceedings before justices of the peace, and judgments of justices'

courts." It provides fully and particularly for all proceedings before justices, and requires the Attorney-General to prepare forms for use in the justices' courts. Being full and complete legislation on the subject-matter, it repealed all former legislation on the same subject-matter, either in express terms or by necessary implication. Section 70 of the act was in force when the proceedings before the justice took place, and it directs the manner in which the writ of attachment shall be executed. It requires the officer to execute the writ "by summoning the defendant, as in case of a summons, if to be found in the county, and by attaching the *goods and chattels, moneys and credits* of the defendant not exempt by law." Section 75 provides for publication when the writ has been executed by attaching the property of the defendant and he can not be summoned and does not appear. Section 78 provides that when the defendant shall be notified in the manner directed by the statute, and does not appear, the justice may enter his default and proceed to render judgment. The statute does not authorize the levy of an attachment issued from a justice's court on lands and tenements, nor does it authorize a service by publication in any case except where the goods and chattels, money and credits of the defendant are attached. The record of the justice's court introduced in evidence in the Circuit Court shows that the suit was commenced by attachment, that the defendant was not summoned, and did not appear, and that the writ was not executed by attaching any of the goods

and chattels, money and credits of the defendant. It follows that the defendant was not actually or by legal construction before the justice's court, and it acquired no jurisdiction to render a judgment against him. "The court erred in overruling the plaintiff's objection to the admission of the sheriff's deed." Section 45 of Chapter 2040 of laws was repealed by an act approved May 27, 1889. The record does not show whether or not the docket, books and papers of the justice were filed in the clerk's office prior to the repeal of Section 45. If they were so filed, in pursuance of said section, and prior to its repeal, then Section 48 of the act prescribes the method of proving their contents.

The judgment is set aside, and the cause remanded to the Circuit Court for a new trial and further proceedings not inconsistent with this opinion.