DAVID R. CLEM, DANIEL MARSHALL AND A. L. RUSSELL, PLAINTIFFS IN ERROR, VS. FRANK R. MESEROLE, DEFEND-ANT IN ERROR.

1. Before a sheriff's deed is admissible in evidence for the purpose of proving title thereunder, a valid judgment and execution must be shown, whether such judgment emana-ted from a court of general or one of limited jurisdiction, and whether the party against whom the judgment was rendered be the party against whom it is offered or not. To the extent that the decision in Hartley v. Ferrell, 9 Fla. 374, conflicts with this rule, it is overruled. (Mabry, J., dissenting.)

2. Prior to the enactment of Chapter 4723, Act of 1899, a judg-ment entry alone, unaccompanied by any other part of the record of such judgment or a sufficient explanation of its absence, when offered in evidence for a purpose other than to show the mere fact of its rendition, was inadmissible if seasonably objected to, and the rule was the same even though such judgment emanated from a court of general jurisdiction, or contained general recitals of jurisdic-tional facts. (MABRY, J., dissenting.)

Writ of Error to the Circuit Court for Orange County.

The facts of the case are stated in the opinion of the court.

*L. D. Browne* (with whom was *R. H. Terry* on the brief) for Plaintiffs in Error.

*Arthur F. Odlin,* for Defendant in Error

Clem, Marshall and Russell v. Meserole.—Opinion of Court.

PER CURIAM.

This cause was referred by the court to its commissioners for investigation, and a majority of them report that the judgment ought to be reversed.

The action was ejectment in the Circuit Court of Orange county brought by defendant in error against plaintiffs in error. The plea was not guilty. The abstract states that plaintiff to prove his title to the land in controversy, offered in evidence a judgment recovered in the Circuit Court of Orange county, January 2nd, 1894, in a suit wherein the Sanford Loan and Trust Company was plaintiff, and the defendant David R. Clem and J. F. Fitzsimmons, formerly copartners trading as J. F. Fitzsimmons & Co., were defendants. The judgment was declared to be a lien on certain lands therein described being in part the lands in controversy and which were the individual property of defendant, Clem. The document so offered in evidence was as follows: "And now on this 2nd day of January, A. D. 1894, comes the plaintiff in the above entitled cause, by A. M. Thrasher and Arthur F. Odlin, its attorney, and produces the original notes mentioned in the declaration filed by plaintiff in this action and it appearing to the court that this action was commenced by the attachment of certain real estate in Orange county, Florida, as the property of David R. Clem, one of the defendants in this action, and that notice of said attachment has been duly published as required by law and that a default was duly entered on the rule day in January, A. D. 1894, against the said defendant David R. Clem for want of appearance herein, it is therefore considered and adjudged that the plaintiff, the Sanford Loan & Trust Company, a corporation, do have

and recover of and from the said defendant David R. Clem the sum of two hundred and twenty-eight dollars as principal, two hundred and four dollars as interest, and forty-dollars as attorneys' fees. and the costs of this action which are taxed at twenty-five dollars and twenty-five cents. But this judgment is a lien on no other property, and said real estate is described as follows, to-wit." Here follows a description of real estate which it is not necessary to set out, and the document concludes as follows: "Done and ordered at chambers at DeLand, Florida, (Volusia county), this 2nd day of January, A. D. 1894.

JOHN D. BROOME,
Judge 7th Judicial Circuit of Florida."

Defendants objected to the admission of said judgment in evidence on the grounds that said judgment must be shown to be a valid judgment, and that where it emanates from a court of limited or statutory jurisdiction it is not a valid judgment unless it affirmatively apears on its face that the court had jurisdiction of the person or subject-matter of the suit in which such judgment was rendered. The objection was overruled and the document admitted, to which ruling defendants excepted. Plaintiff then offered in evidence the execution issued upon said judgment, under which the lands in controversy were sold. This document was objected to upon the grounds that before such execution could be admitted in evidence a valid judgment must be shown and that where execution is based upon a judgment rendered by a court exercising statutory powers, there is no presumption of regularity of the proceedings, but it must affirmatively appear by the record that the court had jurisdiction, but the court overruled the objections and admitted

the document in evidence, to which ruling defendants excepted. Plaintiff then offered in evidence the sheriff's deed based on said judgment and execution, conveying the lands in controversy to him. Defendants objected to its being admitted on the ground that plaintiff's deed was not admissible without previously showing his power to make such deed, and that before a sheriff's deed can be admitted for the purpose of proving title thereunder a valid judgment must be shown, and that where judgment is rendered by a court exercising statutory jurisdiction, there is no presumption of regularity of the proceedings, but it must affirmatively appear from the record that the court had jurisdiction of the person or subject-matter, but the court overruled the objection and admitted the document, to which ruling defendants excepted. The trial resulted in a verdict and judgment for plaintiff, from which judgment this writ of error was taken.

The court is of opinion that the objections urged to the admission in evidence of the documents mentioned are sufficiently broad to raise the question whether it was necessary to introduce the record of the suit which culminated in the judgment offered in evidence, along with such judgment, or whether the judgment entry alone (that being all that was offered or admitted) was properly admissible. Under the decisions in this State, it is clear that a jdgment entry alone, unaccompanied by any other part of the record of such judgment or any sufficient explanation of its absence, when offered in evidence for a purpose other than to show the fact of its rendition, is inadmissible if seasonably objected to. Unless there is something in this case to take it out of the rule, the court below was in error in the ruling admitting

the judgment entry alone. It is suggested that the Circuit Court is a court of general jurisdiction; that its judgments import verity, and in their support the law presumes that the court rendering them had jurisdiction of the person and the subject-matter, and to render the judgment, and also that the judgment here offered in evidence contained recitals showing jurisdiction, and therefore the rule prevailing in this State, as held in Watson v. Jones, 41 Fla. 241, 25 South. Rep. 678, and other Florida cases cited therein, should not apply to the present case. The court is of opinion that the rule is a rule of evidence and that it is not qualified by the fact that the judgment offered is from a court of general jurisdiction, nor by the fact that it may contain general recitals of jurisdiction. A party is entitled to have the whole record so far as it concerns the formal stages, produced, because such record is a material part of the judgment, and because he has a right to insist that the presumptions applicable to judgments of courts of general jurisdiction shall be applied only when it is ascertained from an inspection of the whole record that it does not affirmatively appear therefrom that the court did not have jurisdiction to render the judgment. General recitals of jurisdiction are as to many matters merely conclusions drawn by the court from inspecting other parts of the record proper, and as to which, in case of conflict between the matters of record proper and the recitals, the former will control. The record proper and the judgment constitute together one entire document, every part of which is relevant to the question whether the judgment is a valid one, and the party has a right to insist that every part of that relevant document be submitted, when the judgment is offered in evidence to prove a title under sheriff's sale against him.

Harg.s v. Morse, 7 Kan. 415; State v. Hawkins, 81 Ind. 486; Brown v. Eaton, 98 Ind. 591; 1 Whart. Ev. Sec. 824. A party may unquestionably waive the production of the entire record if he chooses by not objecting to the introduction of the judgment entry (Simmons v. Spratt, 20 Fla. 495), but in this case the objections are broad enough to cover the point. The trial of this case was prior to the enactment of Chap. 4723, acts of 1899, and the question just considered can not, therefore, be affected by the provisions of that act.

It is also suggested that in Hartley v. Ferrill, 9 Fla. 374, as limited and explained in Davis v. Shuler, 14 Fla. 438, it was held that a plaintiff in ejectment who claims under a sheriff's sale under an execution against the defendant in ejectment has only to show his deed, and execution, and to prove possession by defendant since rendition of the judgment, in order to cast the *onus probadi* on the opposite party, and that as Clem the defendant in the judgment was one of the defendants in the ejectment suit, it was unnecessary for plaintiff to introduce his judgment in evidence, and therefore error in adm'tting it should not result in a reversal of the judgment. In McGehee v. Wilkins, 31 Fla. 83, 12 South. Rep. 228, it is held that before a sheriff's deed is admissible in evidence for the purpose of proving title thereunder a valid judgment and execution must be shown. In that case the defendant in possession of the property was claiming title under a sheriff's sale under execution against plaintiff. In the latter case, Hartley v. Ferrell is not referred to, but it can not be denied that it asserts, contrary to the rule laid down in the third head-note in that case, that a valid judgment must be shown as the basis for a sheriff's deed. The rule laid down in Hartley v. Ferrell

was also doubted in Kendrick v. Latham, 25 Fla. 819, 6 South. Rep. 871, and L'Engle v. Reed, 27 Fla. 345, text 360, 9 South. Rep. 213. While Hartley v. Ferrell has never been formally overruled upon the point now being considered, the principle announced there has not been followed and is entirely inconsistent with that laid down in McGehee v. Wilkins. The rule stated in the latter case is in the judgment of the court the correct one (3 Freeman on Executions, section 350), and to the extent that Hartley v. Ferrell conflicts with the rule there laid down, it is overruled.

For the error found the judgment is reversed and a new trial granted.

MABRY, J., dissenting:

In Hartley v. Ferrell, 9 Fla. 374, it was broadly announced that a purchaser at a sheriff's sale has only to show his deed, the execution under which the land was sold, and prove title in the defendant in execution, or possession since the rendition of the judgment, and the *onus probandi* is cast on the opposite party. The facts of the case were that the sale was under proceedings had in a court of general jurisdiction. In Davis v. Shuler, 14 Fla. 438, it was held that to establish a title under an execution sale there must be shown, as against a stranger to the proceedings, a valid judgment and execution binding the estate of defendant in the judgment, and that the defendant had some title or interest in the property sold. In this case it is said: "We do not understand that the court in the case of Hartley v. Ferrell, 9 Fla. 374, decided that the title of the plaintiff in ejectment is shown by proof of the execution and the deed, without also showing the

judgment, when the defendant in ejectment is a stranger to the judgment and was not in possession at the time of the sale.    The headnote to the case referred to applies appropriately to the circumstances of the case there decided."    It was decided in Donald v. McKinnon, 17 Fla. 746, that a simple transcript of a judgment entry does not prove a judgment in a collateral proceeding.  Enough should apear to show jurisdiction.    This was said in reference to a judgment of a court of limited jurisdiction: It was said "the court ruled correctly that there must be proof of the judgment in order to derive title from a sale thereunder; but what we have in the record is a simple transcript from the docket, or book of entries of the magistrate of the entry of jdgment.    This is not sufficient. *  *  *   It is essential that in all cases where a judgment is sought to be proved, that so much of the proceedings as show jurisdiction should appear.    As to the general subject, see 2 Phillips on Ev. (4 Am. ed. by Cowen & Hill), note 496."   The authority mentioned has special reference to courts of limited jurisdiction.   This last case, dealing with a judgment of a court of limited jurisdiction, has become the basis of several subsequent decisions in this court, to some of which reference will be briefly made.    Prominent among them is the case of McGehee v. Wilkins, 31 Fla. 83, 12 South. Rep. 228, where it was again broadly announced that before a sheriff's deed is admissible in evidence for the prpose of proving title thereunder, a valid judgment and execution must be shown.    It was said in the opinion, "conceding for the purposes of this case, and without deciding that where a judgment is rendered by a court of general jurisdiction, the presumption is in the absence of proof to the con-

16 S. C.

trary, that the court had jurisdiction. Where a judg-
ment is rendered by a court of limited powers and juris-
diction, there is no such presumption, but it must affirma-
tively appear from the record that the court had jurisdic-
tion of the person and subject-matter." Among the cases
cited to support this view is Donald v. McKinnon, *supra*.
The cases of Ashmead v. Wilson, 22 Fla. 255, and Watson
v. Jones, 41 Fla. 241, 25 South. Rep. 678, announce cor-
rectly, I think, under their facts, then when it became nec-
essary to prove a valid judgment under which rights are
acquired or lost, the record, so far as it concerns the
formal stages, must be produced, or its absence properly
accounted for. These two cases were decided in refer-
ence to judgments entered by circuit clerks as to which,
certainly prior to the act of 1899, Chapter 4723, no pre-
sumptions could be indulged beyond the entry itself. In
no case decided by this court, so far as I can find, has it
been decided that in proving title in ejectment under a
sale by virtue of execution emanating from a court of
general jurisdiction it was necessary for the party claim-
ing thereunder to introduce the record of the proceedings
back of the judgment. All of the cases holding this view
have been decided on facts showing that the judgments
were entered by courts of limited jurisdiction or circuit
clerks. In Kendrick v. Latham, 25 Fla. 819, 6 South.
Rep. 871, the court was dealing with the question of
privity as shown by a sheriff's deed, and it was said: "A
sheriff's deed is not of itself evidence of that officer's au-
thority to levy and sell. In England it has been held
that proof of the writ of execution is sufficient. Doe v.
Murless, 6 M. & S. 113; Doe v. Thorn, 1 M. & S. 425;
and so in Georgia in Whatley v. Newson, 10 Ga. 74, and
I am not satisfied that his was not the view of this court

in Hartley v. Ferrell, 9 Fla. 374; yet subsequent authorities hold that a valid judgment must also be shown (Davis v. Shuler, 14 Fla. 438, text 447; Donald v. McKinnon, 17 Fla. 847, text 748) and this is said to be the rule in several states." In the later case of L'Engle v. Reed, 27 Fla. 345, 9 South. Rep. 213, where another principle in ejectment law was applied. it was said that in doing so it was not intended to approve the holding there made that a sheriff's deed can be introduced in evidence without showing the judgment and execution upon which it is based. The intimation in the two last mentioned cases would seem to indicate that the rule as to proving title under a sheriffs sale, announced in Hartley v. Ferrell, was questioned, still there was nothing in the language of those decisions or the facts upon which they were based to afford any ground for holding that Hartley v. Ferrell, in the particular mentioned, was overruled. If the broad statements in McGehee v. Wilkins, and other decisions following Donald v. McKinnon, must be applied to judgments of courts of general jurisdiction, then it must be conceded that they have the effect to overrule, though they do not do so in terms, the decision in Hartley v. Ferrell. As there is no decision directly overruling this case, it seems to me that it can be reconciled with the others on the theory that it has reference to judgments of courts of general jurisdiction, and the others to judgments of courts of limited powers. There has been no question in our previous decision as to the correctness of the rule on common law grounds stated in Hartley v. Ferrell cases at common law being cited in its support in Kendrick v. Latham—and if it has not been overruled it seems to me that it should be followed. I do not believe it has been overruled, and after due reflection I am con-

vinced that the rule in reference to judgments of courts of limited jurisdiction should not be extended to those posessing general powers such as our Circuit Courts.

In the present case the judgment recites the jurisdictional facts and in view of the court rendering it there should be attached to it a *prima facie* showing of validity. There was no error, in my judgment, in the ruling of the court, admitting the judgment is evidence, and if it was properly admitted, it follows that there was no error in admitting the execution and sheriff's deed. Under the ruling in Hartley v. Ferrell, it was sufficient to introduce the execution and deed.