## JOHN AVERILL AND OTHERS *vs.* WILLIAM S. HULL.

The act concerning fisheries, (Gen. Statutes, tit. 23, chap. 2,) provides that a committee appointed by a town may, upon the application of any person desiring to plant oysters in navigable waters within the limits of the town, designate and stake out for such applicant a space not exceeding two acres; with a provision for a record of their proceedings. Another section provides that no natural oyster bed shall be set apart for the above purpose by the committee; and another imposes a penalty upon any person who should take oysters from the place so staked out. Held, in a suit for the penalty,—1. That the defendant might show that a place so staked out by the committee was a natural oyster bed. 2. That such designation would be invalidated by the proof of that fact.

The same statute provides that any person may seize any vessel used in gathering oysters contrary to the provisions of the act, and that upon proceedings before two justices of the peace of the town, upon notice to the persons in possession, such vessel may be condemned and sold, the proceeds of the sale, after deducting costs and charges, to be paid one-half to him who made the seizure and the

other half to the treasurer of the town. Held that, as the act provided for no appeal from the judgment of the justices, it was in violation of the provision of the constitution of the state securing the right of trial by jury.

WRIT OF ERROR to the Superior Court in New Haven county, from the judgment of two justices of the peace, upon proceedings for the seizure, condemnation and confiscation of a vessel taking oysters in violation of the act concerning fisheries; reserved for the advice of this court. The case is sufficiently stated in the opinion.

*Wright* and *H. L. Harrison,* for the plaintiffs in error.

*C. R. Ingersoll,* for the defendant in error.

SEYMOUR, J. The defendant in error as deputy sheriff seized the plaintiffs' vessel by virtue of the act for regulating and encouraging fisheries.

The 75th and 76th sections of the act are as follows, so far as they relate to the matter under consideration:

§ 75. "No person shall take, rake, gather, or otherwise disturb and injure, any oysters planted by any person in the navigable waters of this state, in grounds designated by a committee appointed by any town for that purpose, where such grounds shall have been staked out in conformity with such designation and a description lodged with the town clerk," &c.

§ 76. "All sheriffs and constables shall seize, and any other person may seize, any vessel, boat, &c. so used by any person in taking, raking, or gathering oysters contrary to the provisions of the next preceding section; and every sheriff, &c., who shall seize such vessel, boat, &c., shall forthwith give notice to two justices of the peace residing in the town where such seizure was made, and such justices shall forthwith make an order for the detention of the same, and give notice to the persons in possession of such vessel, boat, &c., or to the owners if known, of such time and place as they shall appoint for the trial; and said justices shall at the time appointed proceed to hear and determine whether such vessel, boat, &c.

was used contrary to the provisions of the next preceding section, and all such vessels, boats, &c., so found to be used, shall be forfeited, and may be condemned and sold by order of said justices in such manner as they shall direct, and the avails, after deducting costs and charges, shall by order of said justices be paid, one-half to him who made the seizure and the other half to the treasury of the town where the offence was committed."

Proceedings were had under the 76th section of the statute above recited and the vessel of the plaintiffs in error was adjudged forfeited by the justices and ordered to be sold. This writ of error is brought to reverse the judgment so rendered.

The proceedings are detailed at length in the record and bill of exceptions and a great number of questions arising out of the proceedings have been discussed at the bar. In the view which we take of the matter it will be necessary to advert to two only of these questions.

1. On the trial the respondents offered evidence that the grounds designated and staked out for planting oysters, (within which grounds the vessel was seized,) were natural oyster beds, which evidence was offered for the purpose of invalidating the designation. The justices rejected the evidence so offered, and for this cause, among others, the writ of error is brought.

The defendant in error insists that the evidence was properly rejected. He argues that the grounds were actually designated by the committee, who acted officially, that the grounds were staked out and a description lodged with the town clerk in conformity with the terms of the act, and that he, acting as a public officer, ought to be justified by the apparent regularity of the designation.

But the same statute §§ 60, 61, and 62, in conferring the authority under which oyster grounds are to be designated, provides among other things that nothing herein shall be construed to authorize any committee to designate, or any person to mark, stake out or enclose, any natural oyster bed. Such designation and enclosure therefore, not being authorized by

Averill *v.* Hull.

the statute, would seem to be invalid. The committee indeed act officially, but only as ministerial officers, and they act on the application of the party interested, without notice to the public, whose rights of fishery in natural oyster beds are not intended by the statute to be subjected to the jurisdiction of the committee. If the rejected evidence be not admissible the natural oyster beds of the state are subjected to the control of a committee of the town without a hearing and without appeal.

We are therefore of opinion that for this rejection of evidence the judgment must be reversed.

The section of the statute above recited gives jurisdiction to two justices to declare forfeited and order sold any vessel, however valuable, which may be used in taking oysters contrary to the provisions of the act. An appeal is now provided for to the Superior Court, where the case may be submitted to a jury, but no such provision for appeal existed at the time the proceedings were had which are now under review. Without such right of appeal we think the statute conferring this jurisdiction on the justices was in conflict with that clause of the constitution of the state which provides that the right of trial by jury shall remain inviolate. At the adoption of the constitution no such extensive powers as are conferred by the statute were vested, without appeal to a jury, in single magistrates. In similar cases the legislature has been careful to provide for an ultimate right of trial by jury, as in the act for the suppression of intemperance, where a justice of the peace has power to adjudge forfeited and condemn spirituous liquors kept for sale in violation of the act. All persons interested in the liquor seized have a right of appeal, and such right of appeal has been regarded as essential to the constitutionality of the act.

The Superior Court is advised that there is manifest error in the judgment of the justices complained of.

In this opinion the other judges concurred.