THE CITY OF JACKSONVILLE AND ROY P. MOODY, TAX COLLECTOR, APPELLANTS, VS. EDWARD M. L'ENGLE, APPELLEE.

1. The act of the Legislature of 1877, Chapter 3025, amending section 29 of the act of 1869, (providing for the incorporation of cities and towns,) authorized the County Commissioners to prescribe new boundaries of an incorporated town, when, on the petition of five registered inhabitants of the town setting forth that "the boundaries of the town are of unreasonable and unnecessary extent," it shall be found by the Commissioners that the boundaries of such town "are extended beyond necessary and useful limits,

and include an undue amount of vacant farming lands." Another section of the act of 1877, authorized the County Commissioners to enlarge the boundaries of any city or town on the application of the corporate authorities thereof. Under this act the County Commissioners had no power to change the territorial limits of the town of LaVilla, Duval county, except upon the ground that the boundaries were "extended beyond necessary and useful limits, and include an undue amount of vacant or farming lands;" and these premises not existing, the order of the County Commissioners, made in December, 1877, reducing the limits of LaVilla, was unauthorized and void.

2. It was not lawful for the Commissioners to sever a portion of the territory of LaVilla for the sole purpose of annexing the same to the City of Jacksonville.

3. The proceedings of tribunals created by law must be shown to be within the powers expressly granted, and acts done by them not within such prescribed limits are nugatory.

4. The act in question was not inimical to the Constitution as conferring judicial functions upon County Commissioners; the powers conferred were not judicial within the meaning of the Constitutional restriction; they involved only the exercise of ordinary judgment and discretion in reference to the public interest and convenience, like that required in locating roads, bridges and other such affairs.

Appeal from the Circuit Court for Duval county.

This is an appeal from the decree of the Circuit Court of Duval county enjoining the collection of taxes by the Tax Collector of the City of Jacksonville, levied on the property of the complainant, appellee. The bill alleges that the property taxed is not within the territorial limits of the city; that certain proceedings were had in December, 1877, by the County Commissioners of Duval county upon the petition of certain persons as resident registered voters of the incorporated town of LaVilla, praying that a part of the territory in the eastern portion of the town of LaVilla be excluded from the corporate limits of LaVilla and the boundaries reduced, upon the ground that the limits were

of unreasonable and unnecessary extent, including much low, wet and swampy ground, dangerous to the public health, which the town is unable to drain and improve, but which the City of Jacksonville is willing to drain and improve, provided the same can be brought within the jurisdiction of that city.

The County Commissioners upon this petition and the petition of the authorities of Jacksonville made an order detaching a portion of the eastern part of LaVilla and annexing the same to the City of Jacksonville. The complainant's lots assessed and taxed by the City of Jacksonville are part of the territory so detached from LaVilla and annexed to Jacksonville.

These proceedings were had, or attempted to be had, under the act of the Legislature approved March 2d, 1877, Chapter 3025, amending Section 29 of the act of 1869, providing for the incorporation of cities and towns, &c. The section as amended reads as follows: "That whenever, in the opinion of any five or more of the registered inhabitants of any town or city in this State, the boundaries of such town or city are of unreasonable or unnecessary extent, such persons may set forth, in a petition to the Commissioners of the county in which such town or city is situated, their complaint of such undue extent of area in the corporate boundaries, whereupon the said Commissioners shall notify the Mayor of such town or city of the complaint, and appoint a day for hearing the statements of both parties, and if upon such hearing the said Commissioners shall be of opinion that the boundaries of such town or city are extended beyond necessary and useful limits, and include an undue amount of vacant or farming land, they may prescribe such new boundaries for such town or city as may seem to them right, and thereafter the boundaries so prescribed shall be taken to be the lawful boundaries of

said town or city, and shall limit its corporate authority."

The second section of the act authorizes the County Commissioners to enlarge the boundaries of any city or town on the application of the corporate authorities thereof.

The order of the County Commissioners detaching the territory is as follows: " Whereas, five registered inhabitants of the town of LaVilla, in the county of Duval, have petitioned this board to have the corporate limits of said town of LaVilla reduced for the reasons set forth in said petition; and whereas, this board notified the Mayor of said town of LaVilla, as provided by law, of the said petition and set a day for the hearing of all parties interested in the matter of the said petition, to wit: this seventeenth day of December, A. D. 1877; and whereas, the said petitioners by their counsel and the said Mayor in person, and with counsel, this day appeared before this board and were duly heard ; and whereas, this board having duly considered the premises are of the opinion that the prayer of the said petitioners should be granted ; now, therefore, it is hereby ordered that such portion of the said town of LaVilla as may now be east of the following lines, to wit:  *  *  *  *  * be detached from the town of LaVilla.  *  *  *."

Then follows an order annexing the portion so detached to the City of Jacksonville.

*Owen J. H. Summers* for Appellants.

*W. B. Young* for Appellee.

The defendant claimed that the proceedings before the County Commissioners were authorized by Ch. 3025, Laws of Florida, Acts 1877.

An injunction will lie to prevent the sale of land for a

tax for which it is not liable. Gonzalez vs. Sullivan, 16 Fla., 791.

The first section of Ch. 3025 undertakes to confer upon the Board of County Commissioners judicial powers. The power to hear and determine is judicial. Hays vs. McNeely, 16 Fla., 413; *Ex rel.* Scott vs. Board of County Commissioners of Jefferson County, 17 Fla., 720; The State of Rhode Island vs. The State of Massachusetts, 12 Peters, 657.

The Constitution classes the County Commissioners among the executive officers, (Art. V., Sec. 18,) and the Board of County Commissioners is not one of the courts specified in Art. VI of the Constitution. Section one of Article VI vests the judicial power of the State in the Supreme Court, Circuit Courts, County Courts and Justices of the Peace. Section 16 of Art. VI prohibits the organization of any courts not specified in the Constitution.

Section one of Chap. 3025 is in conflict with the Constitution and is null and void.

If the Legislature had the power to confer upon the County Commissioners jurisdiction to hear and determine the question as to whether or not a town was of undue extent, and to deprive it of a part of its territory, then, the proceeding being statutory, before a body of limited powers, the record must show affirmatively that such a case was brought before them as they were authorized to hear and determine, and that all the jurisdictional facts were found to exist. Where the jurisdiction and power to hear and determine depends upon the existence of a fact, that fact must appear or the proceedings are *coram non judice* and void. Hays vs. McNeeley, 16 Fla., 409; 8 Porter, 375; 18 Ala., 694; 15 Ala., 134; 31 Ala., 678; 5 Cal., 195; King vs. Randlett, 33 Cal., 318.

The statute requires as a prerequisite to the exercise of

the power of reducing the limits of a town that a petition should be presented setting forth that the town is of unreasonable and unnecessary extent, and such petition must be signed by five or more registered voters of the town. The statute requires the Commissioners to find, as a prerequisite to making the order, that the boundaries of the town are extended beyond necessary and useful limits and include an undue extent of *vacant* or farming land.

This last requirement shows plainly what was the purpose and intention of the Legislature in passing this act. It was clearly to relieve vacant or farming lands from the burthen of municipal government, and not to transfer them from one municipality to another. It is manifest that they never intended or contemplated the exercise of such powers as were attempted in this case.

A thing which is within the intention of the makers of a statute is as much within the statute as if within the letter, and a thing which is within the letter is not within statute unless it be within the intention of the makers. Faber & Co. vs. Nassitts, 12 Fla., 611.

The proceedings were neither within the letter nor within the intention of the makers of the statute, and the order was null and void.

THE CHIEF JUSTICE delivered the opinion of the court.

Neither the petition of the inhabitants of LaVilla, nor the order of the Commissioners, assert or find that the limits of the town of LaVilla " include an undue amount of vacant or farming lands." Neither does the board find that the boundaries of LaVilla are of " unreasonable and unnecessary extent," unless that may be implied from the making of the order curtailing the proportions of the town.

On the contrary they find that the detached portion in-

stead of being " unreasonably and unnecessarily " included within the limits of an incorporated town or city, as " vacant or farming land," very proper territory to be included within such corporation, and forthwith proceeded to order that it be included within the limits of the adjoining city of Jacksonville.

The entire purpose of the act, so far as it relates to curtailment of boundaries, seems to be to ascertain whether " the boundaries of such town or city are extended beyond necessary and useful limits and include an undue amount of vacant or farming land," and then to prescribe new boundaries and thus " limit the corporate authority," as expressed in the words of the act.

It is a well established rule that the proceedings of all tribunals created by law, and whose powers are prescribed by law, must be shown to be within the powers expressly granted, and that acts done by them not within the prescribed limits are nugatory. It is unnecessary to cite authorities upon this familiar proposition.

The clearly expressed object of the act was that of relieving unoccupied and farming lands included within the limits of a municipal corporation from the burthens of taxation for municipal purposes, for which the owners of the lands did not enjoy adequate benefits, and the jurisdiction over which land was not necessary or useful to the corporation.

The power of the Board of County Commissioners in the premises was to inquire, inspect and thereupon determine upon their individual judgment whether these were vacant or farming lands, and if so whether the boundaries were of unnecessary or unreasonable extent.

Nothing in the record of their proceedings appears showing that these matters entered into or controlled them, or that their order was based upon any such considerations.

Their order appears to have been an arbitrary act, made irrespective of the clear purposes of the statute. It was a mere dismemberment of a portion of one corporation for the purpose of enlarging the boundary of another. However meritorious' the object to be attained, it was not within the contemplation of the statute.

It follows that the order of the County Commissioners was unauthorized and void.

It was claimed on the part of the respondent that the act in question was unconstitutional because it attempted to confer judicial power upon the Commissioners, creating a court to " hear, try and determine" matters by the exercise of judicial functions. However unnecessary it may be to determine this point, (as the decree of the Chancellor is sustained upon the ground already stated,) we think this position not tenable. The power of the County Commissioners as conferred by the act of 1877, Ch. 3025, was not strictly judicial within the prohibition of the Constitution.

Like the power to hear and determine applications to lay out, open and discontinue roads, locate and build bridges, and similar powers and duties, they merely exercise such judgment and discretion, adopting such measures under the law as to them may seem conducive to the public convenience and public needs. Indeed, to deny the power of the Legislature to confer such duties upon ministerial officers, in the performance of which duties they merely exercise a discreet judgment with reference to the convenience and interests of the public, would have the effect to abrogate nearly if not quite all the powers and duties usually exercised by County Commissioners in conducting the ordinary business of the county.

The decree is affirmed with costs against appellants.