THE STATE OF FLORIDA, ON THE RELATION OF W. H. ELLIS, ATTORNEY-GENERAL, *Plaintiff in Error,* v. JAMES B. GIBSON, *Defendant in Error.*

Legislative authority (Chapter 4960, laws of 1901) to county commissoners to grant exclusive rights to plant oysters upon exhausted or barren oyster-beds, does not make the finding by such tribunal that a certain bed is barren or exhausted conclusive upon the courts, in a direct proceeding to test the validity of a lease under such authority.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Solon B. Turman* for plaintiff in error.

*Macfarlane & Glen* and *C. W. Stevens* for defendant in error.

COCKRELL, J.—This is an information in the nature of a *quo warranto* to test an exclusive franchise, asserted by James B. Gibson, to gather oysters in a designated locality alleged to be a natural and maternal oyster bed in Hillsborough Bay. To the information the respondent filed a plea setting up a ninety-nine year lease from the county commissioners, after an investigation and determination by them that the premises constituted an exhausted or barren oyster bed, and asserting an exclusive right under such lease. A demurrer was interposed to this plea upon the ground, among others, that the determination by the county commissioners of the fact of the bed being exhausted was not conclusive. The court below overruled this demurrer and entered judgment final for the respondent; whereupon the relator sued out this writ of error.

Without entering upon a discussion of the many interesting points that might be raised, and confining our-

selves to the sole proposition insisted on here for reversal, we are of the opinion that the demurrer should have been sustained upon the ground above stated.

We are clear that the legislature has not attempted to confer upon the county commisioners of Hillsborough county the authority to lease natural, existing oyster beds, nor to make their findings conclusive. The general act, section 468, Revised Statutes of 1892, conferring upon county commissioners the authority to grant exclusive rights to plant oysters is expressly limited by section 473, Revised Statutes of 1892, as follows: "All the existing natural or maternal oyster-beds in the waters of this State are exempt from the provisions of this act and they remain for the free use of the citizens of this State." And in the special act in reference to Hillsborough Bay, the legislature had in mind a recognition of this exemption, in that the privilege is extended to "exhausted or barren oyster-beds." That act reads as follows: "Any person desiring to plant oysters in the public waters of Tampa Bay, or in any public waters tributary thereto or connected therewith, shall apply to the county commissioners of the county in which the water is situated, setting forth his determination to plant oysters in a certain locality, describing the same as near as may be possible, and the said commissioners may grant exclusive rights to such person for such locality, or any portion thereof, with such boundaries as they may deem proper: Provided also, that the said commissioners may exercise the same powers and grant the same rights in any waters where there may have been or are located any exhausted or barren oyster-beds."

Bearing in mind that no judicial power can constitutionally be conferred upon the county commissioners (*State ex rel. Arpen v. Brown,* 19 Fla. 563), and that the acts of such tribunals as. are created by law and whose powers are prescribed by law, if not within the powers expressly granted are nugatory (*City of Jacksonville v. L'Engle,* 20 Fla. 344), it must follow that there is a power lodged in a court of

competent jurisdiction to determine whether that special tribunal has acted upon matters within its prescribed jurisdiction; otherwise it would be useless to prescribe any limit, and the constitutional power of the courts could be set at naught. Under the Federal constitution congress may create such inferior courts as it will, and hence may remit to the various departments of the government the power to ascertain facts which the courts will hold conclusive in the absence of fraud, as for example that specific lands are swamp and overflowed, yet, as we held in *Florida Town Imp. Co. v. Bigalsky,* 44 Fla. 771, 33 South. Rep. 450, if the General Land Office should undertake to deed lands as swamp and overflowed that had been theretofore reserved from sale for military purposes, such undertaking would have no binding force or effect, and its deed would be subject to attack collaterally.

As to how far it may be permissible to impeach on collateral attack the findings of the county commissioners the authorities may be at variance, but that it is permitted to show in a direct proceeding like the one at bar, that the *locus in quo* is a natural or maternal oyster-bed, irrespective of what the board of county commissioners may have determined, we think is proper both on principle and on the authority of adjudged cases. *Averill v. Hull,* 37 Conn. 320; *Cook v. Raymond,* 66 Conn. 285, 33 Atl. Rep. 1006; *Sutter v. Vanderveer,* 47 Hun. 366, per DYKMAN, J.; 2 Farnham on Waters and Water Rights, sec. 401 and sec. 402c.

The judgment is reversed with directions to sustain the demurrer to the plea, and for such further proceedings as may be proper.

TAYLOR, C. J., and HOCKER, J., concur.

CARTER, P. J., and SHACKLEFORD, J., concur in the opinion.

WHITFIELD, J., disqualified.