WILLIAM COLLIER ET AL., APPELLANTS, VS. J. C. AN-
DERSON, SHERIFF, ET AL., APPELLEES.

Under the act of 1889, (Chapter 3888, laws of Florida), the civil ju-
risdiction of a county judge could not exceed that of justices
of the peace; therefore, in the time intervening between the
going into operation of this act and the Revised Statutes of
1892, an attachment issued by a county judge could not be
levied upon real estate.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the
court.

*W. H. Jewel*, for Appellants.

*W. R. Anno* and *L. G. Starbuck*, for Appellees.

LIDDON, J.:

The appellants, who were complainants below,
brought their bill in equity to restrain the appellees,
defendants below, from selling certain real estate, of
which complainants were in possession claiming title,
under an execution issued by a county judge. A tem-
porary injunction which had been granted by a court
commissioner was dissolved, and complainants ap-
pealed.

Only one single matter of defense was urged in the
court below, which was that before the land was con-
veyed to complainants by one D. J. Allen, the defend-
ant Detwiler has sued out an attachment against said
Allen as a non-resident before the County Judge of
Orange county, and the same had been levied upon
said land. The only point upon which our judgment
is invoked is whether the levy of this writ of attach-

636 SUPREME COURT.

W. Collier et al. v. J. C. Anderson, Sheriff, et al.—Opinion of Court.

ment created a lien upon land levied upon superior to the claim of the complainants, who purchased the same from the defendant in attachment. If a county judge, in January, 1891, the date of the writ of attachment, had authority to issue such a writ at all, it was by virtue of the provisions of the Constitution of 1885, giving him jurisdiction of all cases at law where the value of the property involved does not exceed one hundred dollars, and statutes prior thereto. The writ was issued and levied in January, 1891. Since the adoption of such Constitution there had been at said time no statute authorizing attachments by county judges. The act of 1889 (Chapter 3888 laws of Florida) provides that in proceedings before county judges the rules of practice and pleading shall be the same as established by law for courts of justices of the peace. The appellees in their brief only claim that the writ was legally issued and levied because in such issuing and levying the statute was pursued which authorized such action in courts of justices of the peace. If, therefore, a writ was issued by a justice of the peace could not be levied upon real estate, the reasons are the same why at the time in question (January, 1891) such a writ issued by a county judge could not be so levied. The only act then in force generally authorizing writs of attachment by justices of the peace was Chapter 2040, acts of 1875. It has been settled in this State that a writ of attachment issued by a justice of the peace under this act can not be levied upon land. McGehee vs. Wilkins, 31 Fla. 83, 12 South. Rep. 228. As the power of a county judge in such cases under statutes at the time in force, could not exceed that of a justice of the peace, we are of the opinion that prior to the adoption of the Revised Statutes of 1892, an at-

tachment issued by a county judge could not be levied
upon real estate.

The decree of the Circuit Court is reversed, and the
case remanded with directions that such further pro-
ceedings be had therein as may be consistent with law
and this opinion.