THE STATE OF FLORIDA *ex rel.*, BIRMINGHAM TRUST AND SAVINGS CO., RELATOR, VS. L. J. REEVES, JUDGE, RESPONDENT.

## MANDAMUS. ORIGINAL PROCEEDINGS IN THE SUPREME COURT.

1. Under the provision in section 1305 Revised Statutes that when any officer shall wilfully and knowingly charge or levy more than he is really entitled to, he shall forfeit and pay to the party injured four times the amount so unjustly claimed, to be recovered on motion before the court wherein the services were rendered, the Circuit Court has jurisdiction to determine in the manner provided by the statute the correctness of any charge or charges made for costs in cases pending in said court, though the amount involved be less than one hundred dollars. The jurisdic-

tion conferred by the statute in such cases is not prohibited by any provision in the constitution.

2. When a Circuit Court refuses to exercise jurisdiction that it clearly possesses and ought to exercise, mandamus is the proper remedy to compel its exercise.

Motion for peremptory writ of mandamus granted.

*D. L. McKinnon,* for motion;

*L. J. Reeves, in pro per.*

MABRY, J.

The alternative writ of mandamus in this cause alleges that the Birmingham Trust and Savings Company, a corporation, was plaintiff in a suit against the Jackson County Mill Company, pending in the Circuit Court for Jackson county, and that the trial of said cause at the Spring term, 1901, of said court, resulted in a verdict and judgment against plaintiff for costs amounting to $40.77, which sum was paid by plaintiff; that plaintiff sued out a writ of error to the Supreme Court where said cause is now pending; that the said Birmingham Trust and Savings Company, feeling itself aggrieved by a number of the charges made by Moses Guyton. clerk of said court, for official fees included in his bill of costs taxed in said cause, applied, after due notice to said clerk, as required by statute, to respondent at a regular term of said Circuit Court to have the correctness of said charges determined as provided by law. The notice given to the clerk states that said plaintiff felt aggrieved by charges wilfully and knowingly made for costs by said clerk in said cause, on account of charges for constructive service, charges twice

for the same service, for service not performed, and for fees in excess of those allowed by law, and it particularly specifies various items amounting in all to $18.28; that a demurer was filed to the application alleging, among other grounds, that the amount sued for was not within the jurisdiction of the court, and that respondent as judge sustained said demurrer and decided that the Circuit Court had no jurisdiction to determine the matter for the want of jurisdiction and dismissed said cause. The command of the alternative writ is that respondent, Judge, &c., proceed to try and determine said matter, or show cause why he should not do so.

The return of respondent states that the allegations contained in the writ are true, but that movant intended in and by his said motion and notice to demand and recover from the defendant in said proceeding, Moses Guyton, the penalty provided by paragraph 2, section · 1305, Revised Statutes, for unauthorized charges wilfully and knowingly made by officers, and it was so understood and treated by the parties; that respondent has not refused, and does not refuse, to exercise his right as Judge of the First Judicial Circuit to supervise and correct the taxing of costs, but respondent did refuse and still refuses to take jurisdiction of said motion as an original action for the recovery of the penalty provided by paragraph 2, section 1305 of the Revised Statutes, as said demand was less than one hundred dollars.

Relator moves for a peremptory writ of mandamus on the grounds that the return admits the allegations in the writ, and that it shows no sufficient cause why peremptory writ should not issue.

It is provided by statute that all officers of this State, who are allowed to charge fees and costs, shall keep a book in which they shall record an itemized account of all costs and fees which they charge against parties having business with them, and that in all cases the party recovering the judgment shall recover also all his legal costs and charges, which shall be included in the judgment, except in certain cases of executors and administrators. Section 1303 and 1304 Revised Statutes. It is also provided in paragraph 1, section 1305, that no officer shall make two charges for the same official act or service, nor charge for any constructive service, and no fees shall be charged in any case, or for any official service performed or claimed to be performed by any officer within this State, unless said fees be expressly authorized and their amount be specified by law. The second paragraph of the same section provides that "when any officer shall wilfully and knowingly charge or levy more than he is really entitled to, such officer shall forfeit and pay to the party injured four times the amount so unjustly claimed, to be recovered on motion before the court wherein the services were rendered." The statute also provides a method of procedure in such cases. The party aggrieved by any charge made for costs by the officer shall have the correctness of same determined by the court and jury on giving five days' previous notice to the officer making the objectionable charges, stating the time and place when and where the same shall be enquired into and for other proceedings in reference thereto.

Judge Reeves submits the view that the proceeding under the statute is an original one to recover a penalty against an officer, not involving simply the taxation of

costs in a case, and that the Circuit Court had no juris-diction because the amount in controversy is less than one hundred dollars. Moses Guyton, the clerk, who was granted leave to file a brief in opposition to the granting of a peremptory writ, relies upon the same ground sug-gested by the judge, and also insists that the proceeding by motion against the clerk resulted in a final judgment by the Circuit Court and is reviewable only upon writ of error. Conceding that the proceeding is of the character suggested, we will first consider the question of the ju-risdiction of the Circuit Court in respect to the amount involved, noting in this connection that we are dealing only with the jurisdiction of Circuit Courts. The statute clearly gives the circuit court jurisdiction in the present case regardless of the amount involved, as the express pro-vision is that the officer shall forfeit and pay to the party injured four times the amount so unjustly claimed, to be recovered on motion before the court wherein the services were rendered. The services in respect to which the pres-ent controversy has arisen were rendered in the Circuit Court and the proceeding was instituted there.. The con-tention made, however, goes to the extent that the legisla-ture could not confer jurisdiction in the Circuit Court where the amount involved does not exceed one hundred dollars. The constitution as amended provides that "the Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cogni-zable by inferior courts, * * * and original jurisdic-tion of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide." Article V, section 11. The county judge shall have origi-nal jurisdiction in all actions at law in which the demand or value of property involved shall not exceed one hun-

dred dollars, of proceedings relating to the forcible entry and unlawful detention of lands and tenements, and of such criminal cases as the legislature may prescribe. They also have jurisdiction in matters of probate, &c. The legislature may also organize county courts which shall have certain jurisdiction not necessary to refer to in this case. "Justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed $100, and in which the cause of action accrued or the defendant resides in his district," &c It does not appear to us that there is any provision in our constitution denying to the legislature the right to confer the jurisdiction in cost matters contained in section 1305 of the Revised Statutes upon Circuit Courts. Such courts have *exclusive* original jurisdiction in all cases at law not cognizable by inferior courts, but they may exercise original jurisdiction of such other matters as the legislature may provide. The jurisdiction conferred upon county judges and justices of the peace in cases involving less than $100 is original, but not exclusive, and it is not apparent why the legislature can not also confer upon circuit courts jurisdiction in cases involving a less value than one hundred dollars. Before the act of the legislature expressly granting the jurisdiction can be held inoperative, there must be some plain provision of the constitution violated by it, and none is to be found. The result is that the Circuit Court had the undoubted jurisdiction conferred by the statute, and should have proceeded to try and determine the matter submitted in the manner therein provided.

It is settled in this State that when a court refuses to exercise jurisdiction that it clearly possesses mandamus is the proper remedy to compel its exercise. *Ex parte* Hen-

derson, 6 Fla. 279; State *ex rel.* Colcord v. Young, Judge, 31 Fla. 594, 12 South. Rep. 673; State *ex rel.* Sanchez v. Call, Judge, 36 Fla. 305, 18 South. Rep. 771. The return shows that respondent declined to proceed in the matter and dismissed the motion on the sole ground that he considered the Circuit Court to be without jurisdiction because the amount involved was less than one hundred dollars. On this state of the case, the jurisdiction clearly appearing, mandamus is the proper remedy to enforce its exercise.

What is said in reference to the application of mandamus sufficiently answers the further contention made by the clerk why the peremptory writ should not be granted.

The motion for peremptory writ is granted, but as we do not doubt that the Circuit Judge will proceed to exercise the jurisdiction in the matter brought before him as herein indicated, we will direct this opinion to be certified to him, and withhold the issuance of the peremptory writ unless further directed.