THE STATE OF FLORIDA *ex rel.* S. V. DUKE, RELATOR, v. JAMES T. WILLS, JUDGE OF THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT.

1.  Section 1 of Chapter 4055 acts of 1891, adopting the Revised Statutes, provides that "statutes passed at this session of the legislature shall not be repealed or affected by said revision, but shall have full effect as if passed after the

## VOL. 49, JANUARY TERM, 1905.    381

State of Florida ex rel. Duke v. Wills, Judge—Syllabus.

enactment of said revision, except those acts passed at this session which are amendatory of laws omitted from said revision." Chapter 4021 acts of 1891 went into effect May 19, 1891, and is not amendatory of any law omitted from the Revised Statutes, consequently it is not "repealed or affected by said revision, but shall have full effect as if passed after the enactment of said revision" which revision became operative June 13, 1892.

2. Section 1 of Chapter 4021 acts of 1891, provides that any person charged before and convicted in any municipal or recorder's court, within this State, of any offence, may appeal from the judgment of such court to the Circuit Court of the county in which such conviction took place, within thirty days of such conviction, provided a bond be given "conditioned to prosecute his appeal;" and section 2, recognizing the right so given, provides that **"such appeals shall be taken to the Circuit Court by bill of exceptions within said thirty days, in the same manner as now prescribed by law for appeals from the Circuit Court to the Supreme Court."** The right to an "appeal" is secured by the first section of the act, and the expression in the second section that "such appeals shall be taken * * * in the same manner as now prescribed by law for appeals from the Circuit Court to the Supreme Court" has reference to the manner prescribed by law for appeals at the time the act took effect, to-wit: May 19, 1891. On that date appeals with bills of exceptions were provided for from the Circuit Courts to the Supreme Court in civil causes at law. The reference was to the manner of taking appeals in civil causes.

3. The Revised Statutes became operative June 13, 1902, and section 2969 of the revision provides that "writs of error lie into the Circuit Court * * * from all final judgments and sentences of municipal courts." This provision of the Revised Statute does not take from a person against whom a judgment is rendered in a municipal court the right to a review of such judgment by the Circuit Court by an appeal under Chapter 4021 acts of 1891.

4.  The issuance of a writ of error is not necessary to give to a
    Circuit Court jurisdiction of an appeal properly taken from
    a judgment of a municipal court.

5.  When a Circuit Court dismisses an appeal from a municipal
    court on the ground that it had no jurisdiction to entertain
    it, because no writ of error had issued therein, mandamus
    is the proper remedy to require the court to entertain the
    appeal.

6.  Where a Circuit Court dismisses an appeal from a municipal
    court on the ground that it had no jurisdiction as no writ
    of error has been issued in the cause, it is not merely a
    determination of a question of final appellate practice in
    the Circuit Court, but such dismissal is a refusal to exer-
    cise a jurisdiction conferred by law.  In such a case man-
    damus may be had to require the court to hear and de-
    termine the appeal.

This case was decided by the Court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the   opinion of   the
Court.

*Robert E. Davis,* for Relator.

*W. S. Broome,* for Respondent.

WHITFIELD, C. J.  This is a case of original juris-
diction.  The alternative writ of mandamus issued
on behalf of the relator against the respondent
alleges in substance that S. V. Duke was charged
in the mayor's court of the city of Gainesville,
Florida, with a violation of a municipal ordinance of said
city; that upon the trial on January 30, 1903; he was con-
victed, and by such court sentenced to pay a fine, and in

default of such payment to be imprisoned for thirty days; that the said S. V. Duke then and there in open court, applied for and entered his appeal from said judgment and sentence of said mayor's court aforesaid to the next succeeding and ensuing term of the Circuit Court in and for Alachua county, which appeal was in writing, and was then and there filed in said mayor's court; that said S. V. Duke on February 18, 1903, filed in the office of the clerk of the Circuit Court for Alachua county his appeal bond in said cause, which bond was on said day approved by said clerk; that on said day he filed in the office of the said clerk of the Circuit Court the record and proceedings of said cause wherein he had been tried and convicted in such mayor's court from the judgment and sentence of which he had taken said appeal; that on May 14, 1903, he filed therein his assignment of errors as required by law; that on October 21st, 1904, during the Fall term of said Circuit Court, the Honorable J. T. Wills, judge of said court presiding, the said cause came on to be heard on motion made by the appellee therein, the city of Gainesville, by its attorney, to dismiss said appeal on several grounds, *viz:* (1) Because there is no writ of error in said cause; (2) because there is no *scire facias;* (3) because the appellate court has no jurisdiction; (4) because there is no assignment of errors in said court; that the order of the judge on said motion was as follows: "Motion granted October 21, 1904. Defendant excepts. J. T. Wills, judge." A copy of the proceedings referred to is attached to the alternative writ as an exhibit.

The respondent by counsel moved to quash the alternative writ of mandamus issued by this court on the following grounds, to-wit: "(1) That the said writ shows upon its face that no writ of eror was issued from the Circuit Court to the municipal court of the city of Gainesville,

Florida, as required by law; (2) that said writ seeks to control the judicial determination of a question by the respondent sitting as a court of final appellate jurisdiction; (3) that the said writ seeks to perform the functions of a writ of error; (4) that the said writ shows upon its face that respondent in the exercise of his judicial duty and power took jurisdiction of the said cause attempted to be appealed from said municipal court to the Circuit Court of Alachua county, Florida, and that he judicially determined the issues presented to him, upon questions of practice in his court as provided by law."

In the argument of the motion to quash counsel for the respondent conceded that all the grounds of the motion to dismiss the appeal taken from the mayor's court to the Circuit Court were abandoned at the hearing of the motion, except the ground that no writ of error had been issued in the cause, and that the order of the judge dismissing the cause was made because no writ of error had been issued therein. This presents the question whether the issuance of a writ of error is essential to give the Circuit Court appellate jurisdiction of a judgment or sentence of a mayor's court. Section 11 of Article 5 of the constitution provides that the Circuit Courts "shall have final appellate jurisdiction * * * of judgments or sentences of any mayor's court." Chapter 4021 "an act regulating appeals from municipal and recorder's courts in this State," which took effect May 19, 1891, provides in section one, "that any person charged before and convicted in any municipal or recorder's court, within this State, of any offense, *may appeal from the judgment* of such court to the Circuit Court of the county in which such conviction took place within thirty days of such conviction" provided a bond be given "conditioned to prosecute his appeal." The act further provides in section two,

VOL. 49, JANUARY TERM, 1905. 385

State of Florida ex rel. Duke v. Wills, Judge—Opinion of Court

that "such appeals shall be taken to the Circuit Court by bill of exceptions within said thirty days, in the same manner as *now* prescribed by law for appeals from the Circuit to the Supreme Court." Municipal and recorder's courts include the mayor's court. Ex parte Peacock, 25 Fla. 478, 6 South. Rep. 473. At the time Chapter 4021 went into effect any party dissatisfied with any sentence by a mayor's court had "the right of appeal, writ of error or writ of certiorari from the same to the Circuit Court." Section 1, Chapter 1262, laws of Florida, approved December 6th, 1861, section 35, page 253 McClellan's Digest.

It is contended for the respondent that as section 2969 of the Revised Statutes which became operative June 13, 1902, provides that "writs of error lie into the Circuit Court * * * from all final judgments and sentences of municipal courts," and as the Revised Statutes do not provide for "appeals" to the Circuit Courts from judgments and sentences of municipal courts, the provisions of Chapter 4021 acts of 1891 allowing "appeals" from municipal courts to the Circuit Courts require a writ of error; and that unless a writ of error issues the Circuit Court has no appellate jurisdiction of a judgment or sentence of a municipal court. The argument is that, under the provisions of section one of Chapter 4055 laws of 1891, the act adopting the Revised Statutes, Chapter 4021 should "have full effect as if passed after the enactment of said revision," and that the expression "in the same manner as now prescribed by law for appeals from the Circuit Court to the Supreme Court," contained in the second section of Chapter 4021, relates to the law as it appears in the Revised Statutes providing for appellate proceedings in cases taken from the Circuit Courts to the Supreme Court by writs of error; and that consequently

25 S C

when no writ of error has been issued in appellate pro-
ceedings taken from the judgment or sentence of a munici-
pal court to the Circuit Court, the appellate court has no
jurisdiction to determine the cause.

The Revised Statutes became operative June 13, 1902,
and section one of Chapter 4055 acts of 1891, adopting the
Revised Statutes, provides that "statutes passed at this
session of the legislature shall not be repealed or affected
by said revision, but shall have full effect as if passed
after the enactment of said revision, except those acts
passed at this session, which are amendatory of laws omit-
ted from said revision." Chapter 4021 acts of 1891 is
not amendatory of any law omitted from the Revised
Statutes, and consequently it is not "repealed or affected
by said revision, but shall have full effect as if passed
after the enactment of said revision." Section 2969 of
the Revised Statutes which became operative June 13,
1892, provides that "writs of error lie into the Circuit
Court * * * from all final judgments and sentences
of municipal courts." There is no provision in the Re-
vised Statutes for "appeals" in such cases. Chapter 4021
acts of 1891 went into effect May 19, 1891. Section one
of the act provides that any person charged before and
convicted in any municipal or recorder's court, within this
State, of any offense, may *appeal* from the judgment of
such court to the Circuit Court of the county in which
such conviction took place, within thirty days of such con-
viction; provided a bond be given "conditioned to prose-
cute his appeal;" and section two, recognized the right so
given, provides that *"such appeals* shall be taken to the
Circuit Court by bill of exceptions within said thirty
days, in the same manner as *now* prescribed by law for
appeals from the Circuit Court to the Supreme Court."
The right to an "appeal" is secured by the first section of

VOL. 49, JANUARY TERM, 1905.        387

State of Florida ex rel. Duke v. Wills, Judge——Opinion of Court

the act, and the expression in the  second section  that "such appeals shall be taken  *  *  *  in the same manner as *now* prescribed by law for appeals from the Circuit Court to the Supreme Court" has reference to the manner prescribed by law for appeals at the time the act took effect, to-wit: May 19, 1891.  On that date appeals with bill of exceptions were provided  for from  the  Circuit Courts' to the Supreme Court in  civil causes  at · law. Chapter 4021 does not require the taking of appeals to be in the manner prescribed by law for appeals in *criminal* cases from the Circuit Court to the  Supreme  Court.  It has reference to the manner of taking appeals in the cases in which "appeals" were then provided for by law from the Circuit Courts to the Supreme  Court.  These  were civil cases.  This is the logical construction of Chapter 4021, even though the judgments in municipal courts from which appeals were secured by the act are not in civil causes, but are for penal offenses.

The Revised Statutes became operative June 13, 1892, and section 2969 of the revision provides that "writs of error lie into the Circuit Court  *  *  *  from all final judgments and sentences of municipal courts."  Whether this provision of the Revised Statutes gives to a person against whom a judgment is rendered in a mayor's court a right to a writ of error in addition to the right of an appeal under Chapter 4021, it is not necessary here to determine.  The Revised Statutes do not take from a person against whom a judgment is  rendered in a · municipal court the right to a review of such judgment by the Circuit Court by an appeal taken within thirty days,  upon giving bond "conditioned to prosecute his appeal," under Chapter 4021 acts of 1891.  As ·the relator in this case had the  right  to a  review of  the  judgment rendered against him in the mayor's court, by an "appeal" to the

Circuit Court, upon complying with the provisions of Chapter 4021, acts of 1891, the issuance of a writ of error in the cause was not necessary to give the Circuit Court jurisdiction to review the judgment of the mayor's court appealed from; and the order of the court dismissing the appeal on the ground that the court had no jurisdiction of the cause as no writ of error had been issued therein, was a refusal to exercise a jurisdiction given him by law, for which refusal mandamus will lie. Anderson v. Brown, 6 Fla. 299; State ex rel. Colcord v. Young, 31 Fla. 594, 12 South. Rep. 673.

Another contention for the respondent is that the issuance of a writ of mandamus in this cause would be a review of his judicial discretion, which can properly be done only by appropriate appellate proceedings, the respondent claiming that he had assumed jurisdiction of the cause by entertaining and granting the motion to dismiss the appeal, thus determining a question of practice only. It is conceded that the appeal was dismissed because no writ of error had been issued in the cause, and that the court held that the issuance of a writ of error was necessary to give the court jurisdiction of the appeal. A dismissal on the ground of the want of jurisdiction is not such an assumption of jurisdiction as to require its review by appellate proceedings. The dismissal of the appeal from the mayor's court by the Circuit Court on the ground that a writ of error was necessary to give the Circuit Court jurisdiction was a denial that the court had jurisdiction when no writ of error had been issued in the cause. The contention that there is no final judgment of the mayor's court from which the appeal was taken is not sustained by the writ and its exhibits.

It appears from what has been said that a writ of error was not essential to give the Circuit Court jurisdiction of

an appeal duly taken from a mayor's court under Chapter 4021; and that the dismissal of the appeal, properly taken under Chapter 4021 acts of 1891, because no writ of eror had been issued in the cause, was not merely a determination of a question of final appellate practice in the Circuit Court, but such dismissal was a refusal by the court to exercise a jurisdiction conferred by law. In such a case mandamus may be had to compel the court to hear and determine the appeal. State ex rel. Birmingham Trust and Savings Co. v. Reeves, Judge, 44 Fla. 179, 32 South. Rep. 814.

The motion to quash the alternative writ of mandamus issued in this cause is overruled. The respondent will have leave to file his return to the alternative writ within ten days.

TAYLOR, HOCKER, COCKRELL, SHACKLEFORD and CARTER, JJ., concur.