JAMES W. FERRELL, *Plaintiff in Error*, v. CYRUS REED, *Defendant in Error.*

1. Section 11 of Article V of the State Constitution, providing that "the circuit courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, * * * and of such other matters as the legislature may provide," and section 22 of such Article V, providing that "justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed one hundred dollars," &c., are not a limitation upon the power of the legislature to confer upon the circuit courts jurisdiction in cases involving a less value than one hundred dollars, since the jurisdiction so conferred upon justices of the peace and county judges in such cases, though original, is not exclusive.

2. Section 2087 of the General Statutes of 1906 provides that "No judgment rendered by a justice of the peace shall be a lien upon real estate until a transcript thereof be filed in the office of the clerk of the circuit court and docketed," and section 2088 provides that upon a judgment so docketed the clerk of the circuit court shall issue the execution. There is no statutory provision for the sale of real estate under an execution issued by a justice of the peace or county judge.

This case was decided by Division A.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*Jos. A. Edmondson* for plaintiff in error;

*J. B. Moffett* and *W. C. Hodges* for defendant in error.

SHACKLEFORD, J.—The plaintiff in error brought an

action of ejectment against the defendant in error. At the trial the plaintiff offered in evidence as the basis of his title to the lands in controversy a sheriff's deed to him, having previously introduced, without objection, the judgment and execution upon which such deed was based. To the admission of such deed the defendant interposed the following grounds of objection:

"First: That the said deed is based upon a void judgment;

Second: Said judgment was rendered by the county judge without jurisdiction;

Third: Said judgment was never recorded in the office of the clerk of the circuit court;

Fourth: Said deed was incompetent evidence in said suit."

The court sustained the objection and refused to admit the deed, upon which ruling is predicated the first assignment. The trial resulted in a verdict and judgment in favor of the defendant. The denial of the motion for a new trial constitutes the basis for the second assignment. These are the only errors assigned. We find from the evidence adduced at the trial that Louis C. Yaeger, doing business under the name of Tallahassee Lumber Yard, as plaintiff, brought an action in the county judge's court for Leon county against Cyrus Reed, as defendant, by which he sought to enforce a lien upon certain described real estate of the defendant for material bargained, sold and delivered to him, which material was used by the defendant for the purpose of repairing and improving the buildings situated upon such real estate. Personal service was had upon the defendant, a default was entered against him and consequent thereon the following final judgment was rendered:

"In the Court of the County Judge,
                    Leon County, Florida.

Louis C. Yaeger, doing business under
the name of Tallahassee Lumber Yard,

     Plaintiff,
        Assumpsit and Enforce-
   vs.     ment of Lien, Damages
Cyrus Reed,    $50.00.
     Defendant.

The defendant having been adjudged on the 7th day of
June, A. D., 1909, to be in default for want of demurrer
or other pleadings to the declaration in this cause, and the
plaintiff having moved for final judgment consequent upon
such default, and the court having ascertained the amount
which the plaintiff is entitled to recover upon the open
account annexed to the declaration, by affidavit made by
plaintiff and filed herein, found the same to be eight
dollars and seven cents ($8.07), and also having found the
sum of five dollars to be a reasonable sum to be allowed to
the plaintiff as attorney's fees, it is now therefore consid-
ered by the court that the said plaintiff do recover of and
from the said defendant the said sum of eight dollars and
seven cents ($8.07), as damages, and the said sum of five
dollars ($5.00) attorney's fees and also the further sum
of three dollars and forty-seven ($3.47) cents as costs; it
is further ordered and adjudged that this judgment shall
be and is hereby declared a lien upon all that certain
piece or parcel of land situate, lying and being in the city
of Tallahassee, in said county of Leon, more particularly
known and described as follows, to-wit: Lot numbered
five (5) according to survey of Overton Bernard, of lot
numbered fifty (50) in the Northwest Addition of said
city, said lot numbered five (5) being eighty (80) feet
front, running east and west, and half of the depth of said
lot numbered fifty (50), running north and south; and it

is also ordered and adjudged that execution be issued against said property, as well as against the property generally of the said defendant.

Done this 25th day of June, A. D., 1909.

B. A. McGINNIS,

County Judge in and for said County of Leon."

An execution was issued by the county judge on such judgment, which was levied by the sheriff upon the real estate described therein, upon which a lien had been adjudged to exist, and, after the notice of the time and place of such sale had been published as required by law, such real estate was sold at public auction to James W. Ferrell, the plaintiff in this action of ejectment, to whom was executed the sheriff's deed, which is called in question by the two assignments. It is strenuously contended by the defendant that the judgment is void, but it is unnecessary for us to follow his argument or to enter into any discussion of this point. Suffice it to say that there is a broad distinction between voidable and void judgments, only the latter being open to collateral attack. It is also earnestly urged by the defendant that the county judge, as also a justice of the peace, has no jurisdiction for the enforcement of a lien upon real estate. There is much force in this contention. The 9th paragraph of section 2073 of the General Statutes of 1906 confers upon justices of the peace jurisdiction "to foreclose mortgages and enforce liens on personal property, where the debt secured does not exceed one hundred dollars." This would seem to limit their jurisdiction as to their enforcement of liens and confine it to personal property. Also see section 2212 of the General Statutes, providing for the enforcement of liens. The fact that the amount for which an enforcement of a lien upon real estate is sought is less than one hun-

5—Vol. 60.

dred dollars would not of itself be sufficient either to confer the jurisdiction upon a justice of the peace or county judge or to prevent the circuit court from having jurisdiction thereof. As was said in State *ex rel.* Birmingham T. & S. Co. v. Reeves, 44 Fla., 179, text 184, 32 South. Rep. 814, text 815, in discussing the jurisdiction of circuit courts: "Such courts have *exclusive* original jurisdiction in all cases at law not cognizable by inferior courts, but they may exercise original jurisdiction of such other matters as the legislature may provide. The jurisdiction conferred upon county judges and justices of the peace in cases involving less than $100 is original, but not exclusive, and it is not apparent why the legislature cannot also confer upon circuit courts jurisdiction in cases involving a less value than one hundred dollars." We do not see wherein form 17 of section 2098 of the General Statutes of 1906, providing a form for an execution on a money judgment, which may be used by a justice of the peace, has anything to do with the question of jurisdiction. In view of the discussion of these matters by the respective parties litigant, we have deemed it advisable to refer to them in the way that we have done, but the main point presented for our determination and which is decisive of the questions raised upon the writ of error, is as to whether or not real estate can be sold under an execution issued by a justice of the peace or county judge. Section 2087 of the General Statutes provides that "No judgment rendered by a justice of the peace shall be a lien on real estate until a transcript thereof be filed in the office of the clerk of the circuit court and docketed," and section 2088 provides that upon a judgment so docketed the clerk of the circuit court shall issue the execution. This, we think, is decisive of the point. See Bucky v. Willard, 16 Fla., 330.

The sheriff's deed was properly excluded, and the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.