E. B. HARRIS AND T. H. JOHNSON, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 1, 1913.

1. The return to a rule to show cause why a bail bond should not be estreated, is not subject to the strict construction applied to pleas in abatement.

2. That the committing magistrate, who filed the bail bond, subsequently, upon the authority of a statute, changed the order and committed the infant defendant to the custody of a Probation Officer and notified the bail thereof, constitutes *prima facie* a sufficient excuse to the bail for failure to produce the body on the day, irrespective of the constitutionality of the statute.

Writ of error to Circuit Court of Duval County; Geo. Couper Gibbs, Judge.

Judgment reversed.

*Bisbee & Bedell,* for Plaintiffs in error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

COCKRELL, J.—Upon a rule to show cause why a bail bond for the appearance of one Ray Adams before the Criminal Court of Record for Duval County, should not be estreated, the sureties answered: "That the said Ray Adams at the time he was arrested and brought before the committing magistrate in the proceedings whereunder said bond was given was a child less than sixteen years of age; that the said child was at no time accused or guilty of the crime of rape, murder, manslaughter, robbery, arson, burglary or the attempt to commit any of these crimes; and thereupon the Honorable W. H. Loftin, Justice of the Peace, said Loftin being then and there a magistrate or judge presiding over the court having jurisdiction of the person of the said Ray Adams, in the said proceedings before sentence did in his discretion make and enter an order remanding the custody of such child to the probation officer in accordance with the authority

vested in said magistrate by Chapter 6216 of the Laws of Florida, and the said magistrate did thereupon advise the said Harris and the said Johnson of his said order and did thereupon discharge the said Harris and said Johnson from further responsibility upon their said bond. And the said Harris and said Johnson do further allege the said Ray Adams has at all times since the said arrest been within the County of Duval and at all times amenable to the custody and direction of the said probation officer of the County of Duval, who could at any time have produced the body of the said Ray Adams before any lawful court had he been legally called upon so to do, but that the said Harris and the said Johnson have at all times understood that the order above mentioned entered by the said magistrate concluded and terminated the proceedings wherein their said bond was given, so far as the defendants were concerned."

A demurrer to this return was sustained and judgment final entered against the sureties.

The jurisdiction of the Circuit Court in Duval County to try and determine the matter, because the bond is for only $150. and there is a county court in that county, is, we think, settled by the case of State *ex rel.* Birmingham T. & S. Co. v. Reeves, 44 Fla. 179, 32 South. Rep. 814. The statute (Gen. Stats. of 1906, Sec. 3951) expressly confers the jurisdiction of these estreatment proceedings upon that court, and the constitution does not vest exclusive jurisdiction of such matters in any of the inferior courts.

Does the return upon its face offer a "sufficient excuse" to require an examination into the facts therein set forth?

In this very summary statutory procedure, we think, the strict rules of law applicable to pleas in abatement in criminal cases should not obtain, and that the courts may indulge reasonable presumptions in favor of the pleading

tendered. This shows that the committing magistrate, who took the bond, acting *colore officii* and upon the faith of a formal enactment of the legislature, made an order, of which these sureties were advised by him, taking from them the custody of the boy Adams, which they acquired through becoming his bail, and turned that custody over to the probation officer. As to the constitutionality of the ninth section of the act, conferring this power on a Justice of the Peace, this court had but recently declined to give its opinion, see Board of Commissioners of Hillsborough County v. Savage, 63 Fla. 337, 58 South. Rep. 835, and we may here as we did then decline, seeing that we are dealing not with strict legal rights, but with the sufficiency of an excuse offered as against a summary procedure, as to why bail had not complied "ad unguem," to the letter of the bond.

The discretion of the court in passing upon the facts in matters of this kind is very large, but we have presented to us on this record a question of law only, and upon mature deliberation, but without attempting the impossible task of laying down general rules to guide the Circuit Judges in these proceedings, as to which their own good sense must of necessity be the primary guide, we think the particular action now before us called for some further investigation, and did not warrant what is in effect a judgment *nil dicit.*

Judgment reversed at the costs of Duval County.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.