Very respectfully,<br>
R. F. TAYLOR,<br>
T. M. SHACKLEFORD,<br>
R. S. COCKRELL,<br>
J. B. WHITFIELD,<br>
W. H. ELLIS,<br>
<em>Justices Supreme Court.</em>

THE STATE OF FLORIDA *ex rel.* GEO. B. WALTERS, *Relator,* v. M. F. HORNE, *Circuit Judge, Respondent.*

Opinion Filed Nov. 28, 1916.

Convictions in a County Judge's Court may be reviewed on an *appeal* taken to the Circuit Court and not on writ of error; and a writ of mandamus will not be issued to require a Circuit Judge to review a judgment of conviction in a County Judge's Court on a writ of error taken from such judgment,

no *appeal* from the judgment having been taken as required by law.

Original Proceedings in Mandamus.

Petition denied.

*John F. Harrell* and *C. D. Blackwell,* for Relator.

No appearance for Respondent.

PER CURIAM.—Geo. B. Walters filed in this court a petition for a writ of mandamus in which it is alleged that the petitioner was convicted of a statutory offense and was by judgment sentenced in the court of the county judge for Suwannee County to pay a fine or to be imprisoned; that a writ of error taken to such judgment and sentence was dismissed by the Circuit Court to which court it was made returnable, the dismissal being upon the ground that an appeal and not a writ of error is the proper and only appellate procedure by which a judgment and sentence of the county judge in criminal causes may be reviewed by the Circuit Court. In support of the application for a writ of mandamus to require the Circuit Judge to review the judgment of conviction on the writ of error taken thereto, it is contended that the statutes of the State do not abrogate the common law writs of error by providing for appeals in criminal cases from the court of a county judge or a justice of the peace.

In the Fifth Division of the General Statutes of 1906, which expressly and specifically relates to "Crimes and Criminal Procedure," Chapter IV of such division expressly relating to "Errors and Appeals," are the following sections numbered 4042 and 4043:

"4042. (2969) Writs of Error.—From what courts. —Writs of error lie into the Supreme Court from all final judgments and sentences of the circuit courts in criminal cases in which said circuit courts have original jurisdiction, and to all final judgments and sentences of the criminal courts of record in case of felony of which said criminal courts of record have jurisdiction. Writs of error lie into the circuit court from all final judgments and sentences of the criminal court of record and of the county courts in cases of misdemeanor and from all final judgments and sentences of municipal courts. Writs of error shall issue only upon the application of the party convicted, and under the restrictions imposed by law."

"4043. (2970) Where appeal lies.—Any person convicted in the court of a county judge, or of a justice of the peace, shall have an appeal to the circuit court under the restrictions imposed by law."

These and other related sections of the General Statutes clearly require the use of writs of error to the Supreme Court in criminal cases tried in the Circuit Courts and in convictions of felonies in the Criminal Courts of Record and require the use of writs of error to the Circuit Courts from misdemeanor sentences in the Criminal Court of Record and county courts, and also require a conviction in the court of a county judge or of a justice of the peace to be reviewed by "an appeal to the Circuit Court under restrictions imposed by law." Such appeals are required by Section 4053 General Statutes to be taken within thirty days from the date of the judgment or sentence. As to the review of final judgments and sentences of municipal courts by writ of error taken to the Circuit Courts, see Secs. 4043, 4052, Gen. Stats. of 1906; State *ex rel.* Duke v. Wills, 49 Fla. 380, 38 South. Rep. 289.

It is apparent from a consideration of the various sections of the statutes on the subject that the legislative intent is that an appeal shall be taken to the Circuit Court from a conviction in the courts of county judges and justices of the peace and to exclude the use of writs of error in such cases. In this view the writ of error does not give the Circuit Judge jurisdiction to review the conviction. This being the conclusion reached, a writ of mandamus will not be granted to require the Circuit Judge to review a conviction in a county judge's court on a writ of error taken to such judgment of conviction, no appeal having been taken from such a conviction as required by the statute.

Petition denied.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.