STATE OF FLORIDA *ex rel.* JOHN L. HOPPS, *Relator,* v. MALLORY F. HORNE, JUDGE OF THE CIRCUIT COURT THIRD JUDICIAL CIRCUIT OF FLORIDA, *Respondent.*

Opinion filed January 25, 1918.

1. An appeal to the Circuit Court from a judgment of conviction in a Court of a County Judge should be made returnable as writs of error are returnable by statute, that is to say, it should be made "returnable to a day either in term time or vacation, more than thirty days, and not more than ninety days from the date of the writ."

2. The rule is that mandamus is the proper remedy to compel its exercise where a court refuses to exercise jurisdiction which it clearly possesses.

Original.

Peremptory writ awarded.

*C. D. Blackwell,* for Relator.

WEST, J.—This is an original proceeding by mandamus in this court.

By the alternative writ it is alleged in substance that the petitioner John L. Hopps was convicted in the court of the County Judge of Suwannee County of a stated statutory offense and was thereupon sentenced by the judge of said court to pay a fine of a stated amount with costs; that he entered an appeal from such judgment to the Circuit Court of the Third Judicial Circuit of Florida in and for Suwanee County and caused to be made up and filed in said court a duly certified transcript of the record of said judgment, but the respondent as Judge of said court "did decline to hear and consider and did dismiss said appeal for no other reason except that the said appeal was not made returnable by express language to the first day of the term of the said Circuit Court held next after the entry of said appeal, and because said appeal stated therein that it was made returnable to the said Circuit Court on the 20th day of September, A. D. 1917, the said date being a day in vacation, the said respondent holding that the said appeal being returnable to a day in vacation and not being returnable to the first day of the next term of the Circuit Court that it is void and cannot give the Circuit Court jurisdiction."

For answer the respondent says that upon motion made on behalf of the State to dismiss said appeal he, considering said motion well founded in view of certain designated statutes, did dismiss the appeal in said cause.

The relator now moves the court for a peremptory writ.

The question presented for decision is this: Should an appeal to the Circuit Court from a judgment of conviction in a Court of a County Judge be made returnable as writs of error are returnable by statute, or should such appeal be made returnable to the Circuit Court "on or before the first day of its next term?"

From the answer of the respondent it appears that the confusion and uncertainty arises because of the provisions of Sections 4053, 4054 and 4055 General Statutes of 1906, to the effect that an appeal from a judgment or sentence of conviction in the court of a *County Judge* or a justice of the peace shall operate as a supersedeas if the appellant shall enter into a bond *conditioned to appear before the Circuit Court at its next ensuing term,* and that the judge of the court from which such appeal is taken shall make return of the proceedings had before him and shall file such return together with all the papers pertaining to the case in the Circuit Court *on or before the first day of its next term.*

Originally these Sections were Chapter 3717 of the Acts of 1887. This statute was designed to regulate appeals from justice of the peace courts to Circuit Courts in Criminal Cases. If, by inserting in Section 4053 as it now appears in the General Statutes of 1906, the words "court of a County Judge," it was intended to make the proceedings upon appeals from County Judges' Courts in such cases the same as in appeals in such cases from courts of Justices of the Peace, the purpose is without avail because under the constitution of this State, the procedings in such appeals are different in character and cannot be made the same by statute. State *ex rel.* Nichols v. Bullock, 58 Fla. 534, 50 South. Rep. 418. We hold therefore that these sections, with reference to the

return day, refer to appeals from justices of the peace courts which are tried *de novo* in the Circuit Court and not to appeals from County Judges Courts which are reviewed by the Circuit Court upon the transcript of the record brought up by the appeal and affirmed or reversed as error may or may not appear from such record.

By section 4043 General Statutes of 1906, it is provided that any person convicted in the court of a County Judge or of a justice of the peace *shall have an appeal* to the Circuit Court, and we have held that it is apparent from a consideration of the various statutes on the subject that the legislative intent is that an appeal shall be taken to the Circuit Court from a conviction in the courts of County Judges and justices of the peace, and to exclude the use of writs of error in such cases, and that a writ of error does not give the Circuit Judge jurisdiction to review such conviction. State *ex rel.* Walters v. Horne, 72 Fla. 425, 73 South. Rep. 237. But the statutes do not in express terms prescribe a return day for such appeals. It was held however in the case of State *ex rel.* Nichols v. Bullock, *supra*, that an appeal in such a case from the County Judges Court to the Circuit Court operates simply as a common law writ of error. It has also been decided here that appeals in the matter of return days follow the analogy of writs of error *without special legislation.* Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 South. Rep. 442; Parker v. Evening News Pub. Co., 54 Fla. 482, 44 South. Rep. 718.

By Section 1698 General Statutes of 1906 writs of error are required to be made "returnable to a day, either in term time or vacation, more than thirty days, and not more than ninety days from the date of the writ."

From the alternative writ in this case it appears that the appeal in the case in which the relator was con-

victed was entered on the 26th day of June, A. D. 1917 the next day day after the day upon which the sentence was pronounced and was n ade returnable to the appellate court on the 20th day of September, A. D. 1917. This we think is within the terms of the statute and the previous rulings of this court.

It follows that the respondent erred in declining to consider the appeal, and in granting the motion to dismiss it on the ground that it was not made returnable to the first day of the next term of the Circuit Court.

The question of whether or not mandamus is the proper remedy in a case of this kind is suggested. The rule is that mandamus is the proper remedy to compel its exercise where a court refuses to exercise jurisdiction which it clearly possesses. State *ex rel.* Sanchez v. Call, 36 Fla. 305, 18 South. Rep. 771; State *ex rel.* Birmingham T. & S. Co. v. Reeves, 44 Fla. 179, 32 South. Rep. 814; State *ex rel.* Duke v. Wills, 49 Fla. 380, 38 South. Rep. 289; Crump v. Branning, 74 Fla. 523, 77, South. Rep. 228. The case of State *ex rel.* Duke v. Wills, *supra*, is directly in point. In that case the Circuit Judge made an order dismissing an *appeal* from a municipal court to the Circuit Court on the ground that the Circuit Court had no jurisdiction of the cause because no writ of error had been issued therein. This court held that under the then existing statute the case was properly taken up for review by appeal, that a writ of error was not necessary to give the Circuit Court jurisdiction, and that the order of the judge dismissing the appeal on the ground that it had no jurisdiction of the cause was in legal effect a refusal to exercise jurisdiction given him by law for which mandamus was the proper

remedy. This decision is controlling here, and a peremptory writ will be awarded.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.