BEN HAIMOVITZ, *Appellant,* v. WM. HECTOR, *Appellee.*

Opinion Filed January 21, 1920.

A justice of the peace has no jurisdiction or power to adjudicate a lien upon homestead real estate; and the record of such a judgment in the office of the Clerk of the Circuit Court does not impart validity to it as a lien upon homestead real estate.

An Appeal from the Circuit Court for Hillsborough County, F. M. Robbs, Judge.

Decree affirmed.

*J. T. Watson,* for Appellant;

*E. B. Drumright,* for Appellee.

WHITFIELD, J.—This appeal is from a decree enjoining the sale of homestead real estate of a married man under an execution issued from the Circuit Court upon a judgment of a justice of the peace for less than $100.00, in an action by Haimovitz against Hector to enforce a mechanic's claim for material used in erecting a house on the described homestead, which judgment had been recorded in the office of the Clerk of the Circuit Court under the statute.   Sec. 2087 Gen. Stats. 1906.

The Constitution provides:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists.   But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article.

"The exemptions provided for in Section 1 shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section.

"Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law." Secs. 1, 2 and 4, Art. X Const.

"The justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed $100.00, and in which the cause of action accrued or the defendant resides in his district." Sec. 22 Art. V Const.

"The Circuit Courts shall have exclusive original jurisdiction in all cases in equity." Sec. 11 Art. V Const.

By statute it is provided that justices of the peace shall have jurisdiction "of proceedings in attachment, garnishment, replevin, enforcement of liens and distress for rent, when the amount of property involved does not exceed in value one hundred dollars in counties where no county court is organized." Sec. 2073, par. 8 Gen. Stats. 1906.

Section 2193, General Statutes of 1906, gives a lien for material furnished for a building and Section 2212 provides that the lien "shall be enforceable by persons in privity with the owner * * * by a suit at law in which the declaration shall state the manner in which the lien arose, the amount of which the lien is held, the description of the property, and a prayer that the property be sold to satisfy the lien. In such suit the judgment for the plaintiff shall be a personal judgment against the defendant as well as declare the lien upon the property,

describing it; and shall direct execution against such property as well as against the property generally of the defendant."

"All liens of any kind, whether created by statute or the common law, and whether heretofore regarded as merely possessory or not, may be enforced by proceedings in chancery." . Sec. 1960 Gen. Stats. 1906.

"The Circuit Court shall have equity jurisdiction upon bill filed by a creditor or other person interested in enforcing any unsatisfied judgment or decree, to determine whether any property, real or personal, claimed to be exempt, is so exempt, and in case it be not exempt, the court shall, by its decree, subject it or so much thereof as may be necessary, to the satisfaction of said judgment or decree, and may enjoin the sheriff or other officer from setting apart as exempt property, real or personal, which is not exempt, and may annul all exemptions made and set apart by the sheriff or other officer." Sec. 2529 Gen. Stats. 1906.

The judgment of the justice of the peace is as follows:

"In the Justice of the Peace Court for the 20th Justice District of Hillsborough County, Florida.

Ben Haimovitz

    vs.            Civil Action, Damages $100.00.

Wm. Hector

"This cause coming on to be heard on this the 8th day of September, A. D. 1916, and the Court having heard the testimony of the witnesses of the respective parties and the argument of counsel for the respective parties, upon consideration thereof finds for the plaintiff and assesses his damages in the sum of $86.00 principal, $7.26 interest, $6.50 attorney's fees, and the sum of $6.82 cost of the suit.

"It is therefore ordered that the plaintiff do have his judgment against the defendant in the sum of $99.76, principal, interest and attorney's fees, and in the further sum of $6.82, costs of this suit, for which let execution issue.

"It is therefore ordered and adjudged that the plaintiff do have a lien, upon the equity of the defendant in Lot 8, Block 6 of College Park, lying and being in Hillsborough County, Florida, and that the said equity be sold by the proper officer of this Court and the proceeds of said sale be credited upon the foregoing judgment.

"Witness my hand and official seal this the 8th day of September, A. D. 1916.

(SGD.)  C. L. JACKSON."

The question to be determined is whether a lien upon the homestead real estate was acquired by the judgment of the justice of the peace or by its record in the office of the Clerk of the Circuit Court. If the judgment is invalid, its record in the office of the Clerk of the Circuit Court cannot give it validity or effect.

The provisions of Section 2073 giving justices of the peace jurisdiction of the "enforcement of liens and distress for rent" in the connection used manifestly has reference to liens upon personalty, and the quoted provision in Section 2212, General Statutes, seems to be applicable to courts other than justices of the peace at least when a lien upon real estate is to be adjudged.

Sections 2087, 2088, 2089 or 2212, General Statutes, do not authorize the sale of real estate under an execution issued by a justice of the peace. See Ferrell v. Reed. 60 Fla. 62, 53 South. Rep. 935; McGehee v. Wilkins, 31 Fla. 83, 12 South. Rep. 228; Coollier v. Anderson, 36 Fla. 635, 18 South. Rep. 850.

Under the Constitution the Circuit Courts have exclusive equity jurisdiction, and by Sections 1960 and 2529, General Statutes, ample remedy is afforded for enforcing all liens in the Circuit Courts.

As under the constitution the homestead real estate cannot be alienated except by the joint consent of the husband and wife where that relation exists, it would seem that a lien upon the homestead real estate for material used in a house erected thereon can be obtained only by making the husband and wife parties and showing her acquiescence in the furnishing of the material for the purpose of improving the homestead, and perhaps this can be done only in a court of equity.

It is clear that the quoted laws did not authorize the justice of the peace to adjudicate or render the judgment lien set out herein; and the record of the judgment in the office of the Clerk of the Circuit Court did not impart vitality to it as a lien upon the homestead real estate.

Decree affirmed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J. concur.