A. J. LEWIS, AS SHERIFF OF JACKSON COUNTY, FLORIDA ET AL'., *Appellants,* v. JEFFERSON D. STEPHENS, *Appellee.*

Opinion Filed April 23, 1923.

Under the statutes of this State where a writ of attachment is duly issued by a county judge in an action pending before such judge and is duly served and a notice of the levy and a description of the property levied upon, is duly recorded by the clerk of the circuit court in the lien book of the public records of the county, such levy binds the property of the defendant in attachment that is attached, from the date of such record of notice, etc., except against pre-existing liens, and binds the real estate, so levied on and notice, and description thereof duly recorded, as against subsequent creditors and purchasers.

An Appeal from the Circuit Court for Jackson County; C. L. Wilson, Judge.

Reversed.

*B. L. Solomon,* for Appellant;

*Jefferson D. Stephens,* for Appellee.

PER CURIAM.—The question presented by this appeal is whether a lien upon real estate may be acquired by the levy thereon of an attachment issued by a county judge in an action of assumpsit in that court where a notice of the levy and a description of the land levied on, is, before judgment rendered in the cause, recorded by the Clerk of the Circuit Court in the lien book, pursuant to the statutes.

Sections 3401, 3413 first part, and 3416 Revised General Statutes, 1920, provide:

"3401.   Such attachment shall issue from the court

which may have jurisdiction of the amount claimed by the creditors.

"But if the property to be attached is being actually removed from the State, and the creditor shall be unable to obtain process from the circuit or county court, as the case may be, in time to prevent such removal, any justice of the peace or county judge may issue the writ, making the same returnable to the circuit or county court, as the case may be, and shall immediately send all papers in the case to the clerk of the court to which the writ is made returnable."

"3413. The writ of attachment shall be directed to the sheriff, or other proper officer, commanding him to attach and take into custody so much of the lands, tenements, goods and chattels of the party against whose property the writ is issued as will be sufficient to satisfy the debt or sum demanded with costs."    *    *    *

"3416. The levy of a writ of attachment shall not operate to dispossess the tenant of any lands or tenements, but a levy upon real or personal property shall bind the property attached, except against pre-existing liens; and levies upon the same property under successive attachments shall have precedence as liens in the order in which they are made. A levy shall, however, bind real estate as against subsequent creditors or purchasers, only from the time of the record by the clerk of the circuit court in the lien book of a notice of the levy and a description of the property levied upon."

The statute referred to in McGehee v. Wilkins, 31 Fla. 83, 12 South. Rep. 228, giving the form of writs of attachment issued by justices of the peace, is not now in force. See Collier v. Anderson, 36 Fla. 635, 18 South. Rep. 850.

· Under the quoted statutory provisions where a writ of attachment is duly issued by a county judge in an action pending before such judge and is duly served and a notice of the levy and a description of the property levied upon, is duly recorded by the clerk of the circuit court in the lien book of the public records of the county, such levy binds the property of the defendant in attachment that is attached, from the date of such record of such notice, &c., except against pre-existing liens, and binds the real estate, so levied. on and notice and description thereof duly recorded, as against subsequent creditors and purchasers. In this case the court in effect held the levy of attachments issued by the county judge and notice of levy recorded were not liens prior to the judgments of the county judge duly rendered in the cause and recorded in the office of the clerk of the circuit court, to become liens upon real estate. See Sec. 2804 Rev. Gen. Stats. 1920.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND WEST, J. J., concur.