507 So.2d 607 (1987)
Sara CALDWELL, Petitioner,
v.
ESTATE OF Jerry L. McDOWELL, Respondent.
No. 69968.
Supreme Court of Florida.
May 14, 1987.
*608 Sara Caldwell, Daytona Beach, in pro. per.
Rob Seegmiller, Sr. Staff Atty., Daytona Beach, for respondent, the District Court of Appeal, Fifth Dist.
PER CURIAM.
Sara Caldwell petitions for a writ of mandamus to compel the Fifth District Court of Appeal to reinstate her appeal. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const. We grant the writ.
Sara Caldwell was appointed attorney for the minor children of Jerry L. McDowell: Sharina McDowell, Sean McDowell, and Shannon McDowell. She filed a petition for the appointment of a guardian ad litem in the circuit court, which was subsequently denied. She then appealed the denial to the Fifth District Court of Appeal. Caldwell did not pay the $100 statutory filing fee to the appellate court as required by Florida Rule of Appellate Procedure 9.110(b) and section 35.22(3), Florida Statutes (1985).
The Fifth District entered an order on November 21, 1986, stating that the appeal would be dismissed unless the filing fee was paid within twenty days. On December 11, 1986, Caldwell filed with the district court a circuit court order determining that the children were insolvent minors for purposes of appeal. The order made no mention of Caldwell's insolvency, but it was styled "Sara Caldwell, Appellant For: Sharina McDowell, Sean McDowell and Shannon McDowell." On December 31, 1986, the clerk of the district court dismissed the appeal for failure to pay the statutory filing fee. Caldwell then petitioned this Court for a writ of mandamus to compel the Fifth District to reinstate her appeal on behalf of the minor children.
It is well settled that mandamus will lie where the petitioner has a clear legal right to the performance of the particular duty sought and that he has no other legal method for obtaining relief. Holland v. Wainwright, 499 So.2d 21 (Fla. 1st DCA 1986). There is authority that mandamus is the appropriate remedy in this case. State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla. 1963); State ex rel. Hopps v. Horne, 75 Fla. 149, 77 So. 672 (1918).
Admittedly, Caldwell was listed as the appellant, and the order of insolvency did not declare her to be insolvent. Nevertheless, it was apparent from the order of insolvency that Caldwell was proceeding on behalf of the minor children. Consequently, we hold that Caldwell satisfied the requirements of Florida Rule of Appellate Procedure 9.430 which allows an indigent party to proceed with an appeal when an order of insolvency is rendered by the lower court. Once Caldwell filed the order of insolvency with the Fifth District, she had a clear legal right to have the appellate court proceed with the appeal as long as the court originally had jurisdiction to hear it.
Because we feel confident that the Fifth District Court of Appeal will reinstate Caldwell's appeal on behalf of the minor children, we withhold issuance of the writ.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.